THE PEOPLE OF THE STATE OF NEW YORK ex rel. EUGENE HOLLANDER, Relator, against ARTHUR D. BRITT, as Sheriff of the County of Erie, Defendant.

Supreme Court, Special Term, Erie County, March 7, 1949.

*Solomon Daniels* and *Abraham Roth* for relator.

*Gordon Steele, District Attorney* (*Robert S. Lesher* of counsel), for defendant.

HALPERN, J. This is a habeas corpus proceeding brought on the relation of Eugene Hollander to test the sufficiency of a warrant of extradition under which the relator has been taken into custody. The Governor's warrant ran to the police commissioner of the city of Buffalo and the arrest was made by police officers acting under the direction of the police commissioner. The writ of habeas corpus was erroneously directed to the Sheriff of Erie County but this error has been disregarded by the parties and the case has been argued and presented as if the writ of habeas corpus had been properly directed to the police commissioner.

The relator is charged with having committed the crime of failing to support his minor children in the State of Indiana. This crime is a felony under the Indiana statutes (Burns Ind. Stat. Ann., § 10–1402).

Upon the initial hearing, the principal contention of the relator was that he was not present within the State of Indiana on February 11, 1947, the date specified in the requisition and affidavits as the date on which the crime is alleged to have been committed. After it had been clearly established by uncontradicted evidence that the relator was within the State of Indiana on the date specified, the relator abandoned this contention.

The relator also argued various matters relating to the merits of the criminal charge and the possible defenses thereto but it is well settled that the court has no power to consider such matters in a habeas corpus proceeding (*People ex rel. Pahl* v. *Hagerty,* 262 App. Div. 45, affd. 286 N. Y. 645). The court's jurisdiction is limited to the determination of whether the relator is substantially charged with the commission of a crime under the law of the demanding State and whether he was present in the State at the time when the crime is alleged to have been committed there. Section 849 of the Code of Criminal Procedure specifically provides that '' The guilt or innorence of the accused as to the crime

with which he is charged may not be inquired into by the governor, or in any proceeding after the demand for extradition ".

The only contention of the relator which requires extended consideration is his claim that the papers upon which the warrant was issued by the Governor were insufficient, in that the affidavit of the complaining witness was sworn to before the clerk of the Circuit Court and not before a judge or justice of the court. The relator relies upon section 3182 of title 18 of the United States Code (formerly § 662), reading in part as follows: " Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear."

It will be noted that under this section the requisition must be accompanied by " a copy of an indictment found or an affidavit made before a magistrate ".

The first question to be determined is whether the clerk of the Circuit Court before whom the affidavit was sworn to is a magistrate in the sense in which that term is used in the Federal extradition statute.

As used in the Federal statute, the term " magistrate " refers to any public officer who is regarded as a magistrate under the law of the demanding State. The law of that State is controlling in determining whether the person before whom the affidavit was taken is a magistrate (*Compton* v. *Alabama*, 214 U. S. 1).

The term " magistrate " has no single or universal meaning.

" It may be used as a generic term with a general sense, or in a narrow or strict sense.

" In its narrow sense a magistrate is regarded, perhaps commonly so, as an inferior judicial officer, such as a justice of the peace; * * * an officer having power to issue a warrant for the arrest of a person charged with the commission of a crime or public offense.

" In its general sense the term imports a public officer, exercising a public authority; a public civil officer, possessing such power, legislative, executive, or judicial, as the government appointing him may ordain; a person clothed with power as a public civil officer." (48 C. J. S., Judges, § 2, p. 951, citing *Compton* v. *Alabama, supra.*)

The Attorney-General of the State of Indiana has issued an informal opinion that the clerk of the Circuit Court is a magistrate under the Indiana law. While the court has not been referred to any statute specifically providing that a Circuit Court clerk is a magistrate, an analysis of the Indiana statutes supports the conclusion reached by the Attorney-General. The criminal procedure prevailing in the State of Indiana is set forth in title 9 of Burns Indiana Statutes Annotated. The Circuit Court is a court of general jurisdiction authorized to try felony cases. All felonies, except treason and murder, may be prosecuted either by indictment or by affidavit. An indictment may be found by a grand jury in the manner with which we are familiar in this State. Prosecution by affidavit is instituted by the filing of an affidavit upon which the prosecuting attorney has indorsed the words " approved by me " and which he has signed as such prosecuting attorney, and upon which the names of all the material witnesses are indorsed. This form of procedure has been held to be constitutional by the Supreme Court of Indiana (*State* v. *Boswell,* 104 Ind. 541). (See Burns Ind. Stat. Ann., §§ 9–908, 9–909.)

Under section 9–1001 of the Burns Indiana Statutes " when an indictment is found or an affidavit filed ", the court, or a judge thereof, is to direct the clerk to issue immediately either a summons or a warrant of arrest or, if no order is made, the clerk is to issue a warrant within ten days after the filing of the indictment or affidavit. (See form of warrant to be signed by the clerk, § 9–1003.)

After the arrest is made and after the defendant is arraigned, the case is tried upon the indictment or the affidavit as the case may be. " The first pleading on the part of the state is either an indictment or affidavit." (Burns Ind. Stat., Ann., § 9–1103.)

It thus appears that, where the prosecution is by affidavit under the Indiana statutes, the prosecuting attorney is empowered to determine whether to file the charge and the clerk is authorized to issue the warrant thereon, in the absence of any direction by a court or judge. Under this procedure, the clerk functions as the magistrate. He issues the warrant of arrest.

He is the only public official to whom the matter is presented by the prosecuting attorney in order to initiate the prosecution. It is obviously appropriate that the affidavits of the witnesses should be taken before the clerk and such affidavits are, in my opinion, affidavits "made before a magistrate" within the meaning of the Federal statute.

In *Compton* v. *Alabama* (214 U. S. 1, 7, *supra*) the court said: "But the appellation of magistrate ' is not confined to justices of the peace, and other persons, *ejusdem generis,* who exercise general judicial power; but it includes others whose duties are strictly executive.' * * * Mr. Justice Story said * * * ' I know of no other definition of the term " magistrate " than that he is a person clothed with power as a public civil officer ' ".

The clerk of the Circuit Court is clearly clothed with power as a public civil officer in connection with the issuance of warrants in criminal prosecutions and is a magistrate within the Federal extradition statute.

It appears that in this case, upon the filing of the affidavit of the complaining witness, approved by the prosecuting attorney, the clerk of the Circuit Court issued a warrant for the relator's arrest (see affidavit of the prosecuting attorney referring to this warrant). The relator not having been apprehended under this warrant within the State of Indiana, a bench warrant was subsequently issued by the judge and a copy of the latter warrant is part of the papers accompanying the requisition.

The relator places great reliance upon the case of *People ex rel. Lipshitz* v. *Bessenger* (273 App. Div. 19, 22, 23) decided by the Appellate Division of the Second Department, in which the court cited the *Compton* case (*supra*) as holding that "The term ' magistrate ' as used in the Federal statute comprehends a judicial officer ", and in which the court went on to say that the clerk of the Florida court before whom the information had been sworn to in that case was not a judicial officer. These statements by the court were obiter dicta since the court rested its decision, not upon the lack of authority of the clerk, but upon the holding that the requisition and the information (the papers sworn to before the clerk) were " insufficient as affidavits in that they are barren of factual averments and the solicitor was without personal knowledge of the commission of the alleged crime."

As is apparent from the quotation from the *Compton* case (*supra*) given above, the dictum in the *Lipshitz* case (*supra*) to the effect that the term " magistrate " embraced only judicial

officers, is not supported by the opinion of the Supreme Court in the *Compton* case. Any public civil officer " may be regarded as a magistrate * * * if he is so regarded under the law of the state where the alleged crime was committed." (Pp. 7-8.) An inquiry into the law of the demanding State is essential to determine the status of the person before whom the affidavit was taken. No such inquiry was made in the *Lipshitz* case. In any event, any conclusion as to the status of the Florida clerk under the Florida law obviously could not be controlling as to the status of the Indiana Circuit Court clerk involved in this case.

In the leading case of *Marks* v. *Eckerman* (23 F. 2d 761) the Court of Appeals of the District of Columbia held that a clerk of a municipal court in the State of Ohio was a magistrate within the meaning of the Federal statute since he was authorized by Ohio law to issue warrants of arrest, upon the filing of affidavits with him.

In *State ex rel. Miller* v. *McLeod* (142 Fla. 254) the court held that the deputy clerk of the City Court of Rochester was a magistrate within the meaning of the Federal statute since, under the local statute, he was authorized to take the affidavits upon which the City Court Judge subsequently issued the warrants. (See, also, *Matter of Keller,* 36 F. 681, and *Mitchell* v. *Stoutamire,* 113 Fla. 822.)

In view of the powers and duties of the clerk of the Circuit Court under the Indiana statutes, I conclude that the clerk is a " magistrate " within the meaning of the Federal statute and that affidavits made before him are sufficient as the basis of an extradition proceeding.

The case has been considered in the preceding paragraphs, from the standpoint of the relator's argument, treating the affidavit, as he does, as a preliminary affidavit upon which a defendant might be held to answer, pending the institution of a felony prosecution by indictment. However, as has been pointed out above, the affidavit here in question was not, under the Indiana law, a preliminary affidavit of that character. It was an affidavit upon which the prosecuting attorney had indorsed his approval and which he had caused to be filed with the clerk of the Circuit Court as the first pleading in the felony prosecution itself. Such an affidavit, under the Indiana criminal procedure, constitutes, in effect, an information filed by the prosecuting attorney in lieu of an indictment by the grand jury. It is the equivalent, under the Indiana law, of an indictment

(*Lynn* v. *State*, 207 Ind. 393). The act of a prosecuting attorney in approving an affidavit is a judicial act, resting solely within his official discretion. " The prosecuting attorney is a judicial officer, charged with the administration of justice. Criminal prosecutions cannot be instituted by private individuals. They may be initiated by grand jury indictments. Formerly the only other method was an information. For this latter procedure the Legislature substituted prosecutions by affidavit, approved by the prosecuting attorney. The public policy, evidenced by the requirement that the affidavit must be approved by the prosecuting attorney, is apparent in former statutes. Its purpose is to protect citizens against criminal actions until the charges are investigated and the prosecution approved by the officer who is by law vested with jurisdiction to act for the state. This officer is not the judge. It is the prosecuting attorney. Jurisdiction to approve, and thus make possible, the prosecution of criminal actions lies with the grand jury or the prosecuting attorney, and not elsewhere." (*State ex rel. Freed* v. *Martin Circuit Ct.*, 214 Ind. 152, 154.)

Upon this view of the case, the extradition proceeding may be sustained upon the ground that a felony prosecution had been duly instituted against the relator in Indiana by information and that the requisition was supported by a copy of the information.

Section 830 of the New York Code of Criminal Procedure (practically identical with section 3 of the Uniform Criminal Extradition Act; 9 Uniform Laws Ann., p. 175) provides that the Governor may honor a demand for extradition if the demand is accompanied by " a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there ". Under this section, recognition is given to the fact that information procedure has replaced prosecution by grand jury indictment in many States and it is therefore provided that an extradition warrant may be issued either upon an information or upon an indictment. It is to be noted in this connection that the affidavits supporting the information need not be sworn to before a magistrate but may be sworn to before any officer authorized to take oaths in the demanding State.

Prior to the adoption of the Uniform Criminal Extradition Act in the several States, there was some question as to whether an information was acceptable as the equivalent of an indictment under the Federal extradition statute. The weight of authority was to the effect that it was (see 81 A. L. R. 552, 553–554, citing

cases). (See, also, *Ex Parte Nash,* 44 F. 2d 403; *People ex rel. Lyman* v. *Smith,* 352 Ill. 496.)

The point had not been specifically passed upon by the United States Supreme Court but in *Matter of Strauss* (197 U. S. 324) the Supreme Court made the following significant statement, referring to section 2 of article IV of the United States Constitution, providing that " A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime ": " But why should the word ' charged ' be given a restricted interpretation? It is found in the Constitution, and ordinarily words in such an instrument do not receive a narrow, contracted meaning, but are presumed to have been used in a broad sense, with a view of covering all contingencies. * * * Under the Constitution each State was left with full control over its criminal procedure. No one could have anticipated what changes any State might make therein, and doubtless the word ' charged ' was used in its broad signification to cover any proceeding which a State might see fit to adopt by which a formal accusation was made against an alleged criminal. * * * But who would doubt that an information, where that is the statutory pleading for the purposes of trial, is sufficient to justify an extradition? " (Pp. 330–332.)

In New York State, the Appellate Division of the First Department had held in 1921, prior to the enactment of the Uniform Criminal Extradition Act, that an information was a sufficient basis for an extradition proceeding (*People ex rel. MacSherry* v. *Enright,* 112 Misc. 568, affd. 196 App. Div. 964). In the *MacSherry* case, Justice BURR at Special Term said: " It will be observed that the constitutional provision requires the surrender of a person ' charged ' with crime, and that the statute requires that the requisition be accompanied by an authenticated copy of the indictment or affidavit made before a magistrate, showing that the person demanded is ' charged ' with crime. The statute does not use the term ' information.' The question, therefore, arises whether the requisition, accompanied by copies of the ' information,' charging the relator with crime is a sufficient compliance with the statute. It has been held that where the offense is charged in that manner it does conform with the statutes and affords sufficient evidence that the person demanded is charged with crime. *Matter of Hooper,* 52 Wis.

699; *People* v. *Stockwell,* 135 Mich. 341; *Mark* v. *Browning,* 115 Pac. Repr. (Utah) 275; *Morrison* v. *Dwyer,* 143 Iowa, 502, 1064, and cases cited. In the *Hooper Case* (*supra*) the court said: ' I think, however, the evidence of the charge by " information " is a sufficient compliance with the law of congress. The intent of that law, obviously, is that the charge must be made in the regular course of judicial proceedings, in the form of an information filed by the proper law officer, an indictment or other accusation known to the law of the state in which the offense is committed (*Kentucky* v. *Dennison,* [24 How. (65 U. S.) 66] *supra; State* v. *Hufford,* 28 Iowa, 391). Each state has an undoubted right to regulate the forms of pleadings and process in her own courts, in criminal as well as civil cases, and is not bound to conform to those of any other state (Taney, C. J., in *Kentucky* v. *Dennison*). Presumably the state of Kansas has authorized its courts to hear, try and determine prosecutions for crimes by information, as the state has done. The constitution of the United States does not prescribe the form in which the charge must be made; and while the act of congress speaks of an " indictment found or an affidavit made before a magistrate," etc., yet I do not think it was intended to exclude a case where the charge is in the form of a criminal information. * * * ' In my opinion the constitutional provision and the act of Congress are sufficiently complied with if the demand for extradition is accompanied either (1) by indictment, or (2) by affidavit, or (3) by information. In the instant case the documents which charge the relator with crime are not ' affidavits.' They are, in fact, the ' informations ' filed by the county solicitor, and signed by him as county solicitor, and are so indorsed." (Pp. 570–571, 573.)

Whatever the doubt which may have theretofore existed on this subject, it was resolved in New York State by the adoption of the Uniform Criminal Extradition Act in 1936 (L. 1936, ch. 892). This statute specifically authorizes extradition upon the basis of an information where the law of the demanding State provides for prosecution by information (see official note by the Commissioners on Uniform State Laws, 9 Uniform Laws Ann., p. 175).

In the case of *People ex rel. Lipshitz* v. *Bessenger* (273 App. Div. 19), which is referred to above, the Appellate Division of the Second Department refused to sustain an extradition warrant based upon an information, and held (1) that the *MacSherry* case (*supra*) had been incorrectly decided and

that an information was not sufficient under the Federal statute, and (2) that insofar as the State statute undertook to go beyond the Federal statute, it was unconstitutional and void. With deference, I believe that neither of these propositions is sound. As has been noted above, the weight of authority throughout the country supported the view that, under the Federal statute, an information was the equivalent of an indictment, if felony prosecutions by information were authorized under the law of the demanding State. The holding of the First Department seems to me to be more persuasive than that of the Second Department on this point. (See note on *Lipshitz* case, 23 N. Y. U. L. Q. Rev. 526.)

As to the second proposition, I cannot find any constitutional prohibition against a State supplementing the provisions of the Federal statute and providing voluntarily that it will extradite persons charged with crime under given circumstances, even though the circumstances are such that the State would not be required to extradite the accused person under the Federal statute (cf. *Innes* v. *Tobin,* 240 U. S. 127). There is no inconsistency between such a State statute and the Federal extradition statute and therefore the cases cited by the Second Department in the *Lipshitz* case (*supra,* p. 22) holding that " Insofar as any inconsistency exists, the Federal statute is exclusive and controlling ", are beside the point. I therefore conclude that the State has the right to provide by statute that it will extradite upon the basis of an information filed by the prosecuting attorney in the demanding State, in accordance with the law of that State, even if the Federal statute is construed as not requiring extradition upon such an information. (*Cook* v. *Rodger,* 215 Ind. 500. See 5 Fordham L. Rev. 484, 490; see, also, *Matter of Davis,* 68 Cal. App. 2d 798.)

The question of the power of the State to go beyond the minimum requirements of the Federal extradition statute and to provide for extradition in other cases is a question of extreme importance, particularly in view of the provisions of section 6 of the Uniform Criminal Extradition Act (Code Crim. Pro., § 834) providing for the extradition of persons who were not within the demanding State at the time of the commission of the crime and who were therefore not subject to extradition under the Federal constitution or Federal statute. If the view were adopted that the State has no power to supplement the Federal statute, this section would be unconstitutional and the salutary extension of extradition proceedings to nonfugitives,

adopted in more than half the States, would be nullified. So far as I have been able to ascertain, this section has been upheld by every court which has passed upon its validity (see 151 A. L. R. 239; *Ex Parte Morgan,* 78 F. Supp. 756, discussed in 97 U. of Pa. L. Rev. 439; *Cassis* v. *Fair,* 126 W. Va. 557; *Culbertson* v. *Sweeney,* 70 Ohio App. 344, appeal dismissed 140 Ohio St. 426, discussed in 91 U. of Pa. L. Rev. 669; *English* v. *Matowitz,* 148 Ohio St. 39; *Matter of Campbell,* 147 Neb. 820; cf. *Matter of Tenner,* 20 Col. 2d 670, discussed in 43 Col. L. Rev. 379; *Pierce* v. *Smith,* 31 Wn. 2d.—, 195 P. 2d 112, certiorari denied 335 U. S. 834.)

These decisions are applicable here by analogy and they support the view that section 830 of the New York Code of Criminal Procedure is constitutional and valid in providing for the acceptance of an information as the equivalent of an indictment. The Indiana affidavit approved by the prosecuting attorney constitutes an information within the meaning of the New York code and may serve as a proper basis for an extradition proceeding.

Therefore, the extradition warrant in this case may be upheld, either upon the ground that the affidavit was properly sworn to before a magistrate, or upon the ground that, taken together with the prosecuting attorney's approval, it constitutes a valid information. The writ of habeas corpus should be dismissed.

In view of the novelty and importance of the questions raised by the relator, and in view of the expressed intention of the relator to prosecute an appeal promptly from an adverse decision herein, the order to be entered hereon should contain a stay of execution of the warrant pending appeal, conditioned upon the relator giving a bond in the amount of $2,000 and further conditioned upon the prompt prosecution of the appeal by the relator.