Crommer Odell **SPEAKS**, Plaintiff,

v.

**Pittsylvania County, Virginia, Sheriff Taylor E. McGREGOR, Defendant.**

**Civ. A. No. 71–C–58–D.**

United States District Court,
W. D. Virginia.

Feb. 20, 1973.

Plaintiff unrepresented by counsel.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., Joseph M. Whitehead, Commonwealth's Atty. Pittsylvania, Chatham, Va., for defendant.

## OPINION

TURK, District Judge.

Crommer Odell Speaks has filed an action in this court alleging an infringement of his constitutional rights under 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. § 1343. In addition, within his § 1983 petition there is contained a request and plea seeking habeas corpus relief under 28 U.S.C. § 2254.

The facts of the case are as follows. The plaintiff was arrested in Virginia on February 20, 1968, for reckless driving and driving without an operator's license. Warrants were thereupon issued for these charges and immediately executed. The plaintiff was fined $25.00 and $15.00 respectively for these two offenses and committed to jail for sixty days for non-payment of the fines.

On February 21, 1968, a letter was sent to the Sheriff of Pittsylvania County requesting that he apprehend the plaintiff as an escaped convict from a North Carolina prison. A warrant for the plaintiff's arrest as a fugitive from justice was issued and executed on February 22, 1968. A hearing was held upon this latter charge on February 23, 1968, at which time the plaintiff requested an attorney. The plaintiff, after the appointment of an attorney, was committed to jail upon this charge.

A request for the plaintiff's extradition from Virginia to North Carolina was made on July 16, 1968, by the Governor of North Carolina. On July 29, 1968, the Governor of Virginia, after petitioner refused to waive extradition, set extradition hearings for August 26, 1968. Extradition was granted and governor's warrants were issued on September 5, 1968.

The plaintiff filed a habeas corpus petition in the Circuit Court of Pittsylvania County on September 11, 1968, which was denied on December 8, 1968. On December 8, 1968, the plaintiff broke out of jail, but was rearrested later the same day. He was charged with escaping from jail, stealing a car, burglary and felonious assault and robbery. On December 21, 1968, the plaintiff was placed in the custody of North Carolina authorities and taken back to North Carolina.

The plaintiff in his § 1983 claim alleges that he was confined in jail beyond the time permitted by statute and that the proper extradition procedure was not followed. He seeks damages totalling $200,000.00. With respect to his habeas corpus count, he asks that this court order the Virginia courts to dismiss all detainers against him concerning his December 8, 1968, Virginia offenses.

While the court might question the ability of an individual to combine a habeas corpus petition with a petition for relief under § 1983, the court need not decide the point, for from the records before the court there are no detainers now outstanding in Viriginia against the plaintiff. All charges contained in the December 8, 1968, warrants have been nolle prossed, and it would take new indictments to bring the plaintiff to trial. Delph v. Slayton, 343 F.Supp. 449 (W.D.Va.1972). The plaintiff's plea for habeas corpus relief is therefore moot.

With respect to the plaintiff's § 1983 action, he alleges that the Virginia authorities did not comply with the Virginia extradition statute, § 19.1–49 et seq. of the Virginia Code. Specifically, he alleges that §§ 19.1–51,–63,–65 were not followed and that he was therefore wrongfully incarcerated beyond the statutory period and wrongfully extradited. He seeks damages from the County of Pittsylvania and from County Sheriff, Taylor E. McGregor. Since the County exercises no control over the affairs of the court, the complaint against the County of Pittsylvania is without merit, and the County of Pittsylvania will be dismissed as a party defendant.

The Virginia extradition statute [1] operates in the following manner. The governor of a state wherein the accused has committed a crime must make a formal demand upon the governor of Virginia for the extradition of the accused. § 19.1–51 sets forth certain items and documents which must accompany the request for extradition. The governor of Viriginia then has the power to investigate the case on his own, or he may decide immediately to grant the extradition request. In this latter event, he must issue a governor's warrant under § 19.1–56 directing the proper persons to arrest the accused. Upon his arrest, the accused has a right to a hearing, but he may be imprisoned until the hearing is decided in his favor or he is placed in custody of agents of the requesting state.

A fugitive may, however, be arrested prior to the issuance of a governor's warrant if a complaint is sworn out before an officer authorized to issue criminal warrants. The exact particulars of this procedure are set forth in § 19.1–63. Arrest may also be made without a warrant by authority of § 19.1–64 provided the accused is taken before a judge, trial justice, or justice of the peace promptly so that a warrant may then be issued.

After the accused has been arrested under either § 19.1–63 or § 19.1–64, he may be placed in jail according to § 19.-1–65 for a period not to exceed thirty days to "enable the arrest of the accused to be made under a warrant of the Governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused give bail as provided in the next section, or until he shall be legally discharged."

§ 19.1–67 provides:

"If the accused is not arrested under warrant of the Governor by the expiration of the time specified in the warrant or bond, any judge or trial justice in this State may discharge him or may re- commit him for a further period not to exceed sixty days, or such judge or trial justice may again take bail for his appearance and surrender, as provided in the preceding section, but within a period not to exceed sixty days after the date of such new bond."

■■ It appears to the court that the impact of §§ 19.1–65,–67 is that an individual arrested in this state as a fugitive from justice in another state cannot be confined in jail upon the warrant of the judge, trial justice, or justice of the peace for longer than ninety days, sixty days of which must be on a recommitment order of a judge or trial justice. At the end of this time period if no governor's warrant has been issued, it appears that the accused must be released.

■ After reviewing the plaintiff's state court records, this court finds that his rights were indeed violated because the Commonwealth did not properly follow the procedure required in its extradition statute. The original warrant arresting the plaintiff for being a fugitive was executed on February 22, 1968, after the county sheriff had received a letter from North Carolina authorities requesting his apprehension. The Commonwealth then had thirty days to procure a governor's warrant and arrest the plaintiff under this warrant. No governor's warrant was issued within this time.

The Commonwealth could have had an additional sixty days to secure the required warrant if it had brought the accused before a judge and requested that he be recommitted pursuant to § 19.1–67. No record exists to indicate that this procedure was ever followed. The governor's warrant was finally issued on September 5, 1968. While the plaintiff also argues that he was wrongfully extradited because the proper procedure was not followed, this court, after re-

1. Virginia has adopted the Uniform Criminal Extradition Law which makes full provision for proceedings in cases of ex- tradition where one state demands a fugitive from justice from a sister state.

viewing the extradition papers, finds that § 19.1–51 was fully complied with.

 The Commonwealth apparently argues that the initial thirty day period specified in § 19.1–65 did not begin to run until the expiration of petitioner's jail sentence for his two Virginia offenses of February 20, 1968, which totalled sixty days, that § 19.1–67 operates automatically without the aid of the court to give the Commonwealth an additional sixty days, and that § 19.1–67 is recurring so that there may be several sixty day periods. Using this theory the governor's warrant was issued within the proper time.

This court cannot agree with the Commonwealth's contention. The time period specified in § 19.1–65 begins to run from the date of execution of the warrant which was February 22, 1968. Unless recommitted under § 19.1–67, the Commonwealth was required to release him on this warrant at the end of thirty days. Because he was sixty days in jail for his two Virginia offenses, his commitment under § 19.1–65 ran concurrently with his sixty day sentence, and at the end of these sixty days the Virginia authorities had no power to hold him in jail any longer. Therefore, between April 22, 1968 and September 5, 1968 the plaintiff was illegally incarcerated in Virginia, and his civil rights under 42 U.S.C. § 1983 were violated.

▪ Although this case concerns the rights of a person convicted of crimes, it is none the less a civil tort action and damages must be proved and determined in the same manner as they are for any other tort case. In the present case, although the plaintiff was illegally detained in Virginia, had he not escaped from the North Carolina prison, he would have been in prison during this period. Thus whether in Virginia or in North Carolina the plaintiff's rightful place was in prison. The plaintiff's right to freedom was not in reality curtailed or taken away from him because he did not have this right. Therefore, the court finds that while a wrong was done, no damage was sustained. Nevertheless, the court feels that the Virginia officials connected with the case should not be totally absolved from their errors and omissions in following the statute merely because the plaintiff suffered no real injury or damage. Therefore, this court awards the plaintiff damages in the amount of one dollar.