## CIRCUIT COURT OF CLARKE COUNTY

Chevalier

v.

DeBari

February 16, 1983

Case No. 1858 CL

BY JUDGE ROBERT K. WOLTZ

In this case, Chevalier, who is the subject of proceedings to extradite from Virginia to Colorado, petitions for writ of habeas corpus.

Petitioner was arrested October 12, 1982, on four warrants charging petty larceny and three other offenses. The next day the General District Court appointed counsel for him, and the matter was made returnable to October 21st when the defendant pled not guilty on his arraignment and trial was set for October 27th. On that date, having been in jail for fifteen days, pursuant to a plea agreement, he was sentenced to thirty days in jail on the petty larceny charge, and the three remaining charges were nolle prossed.

He was continued in custody past November 12th, which was thirty days from the date of his incarceration on the petty larceny charge, and on November 15th, while still in jail, he was served with a fugitive warrant stemming from alleged violation of probation in the State of Colorado. Petitioner appeared on the fugitive proceedings before the General District Court November 24th for appointment of counsel. Eight days later, the case was continued until December 22nd, more than thirty days from the arrest on the fugitive warrant, to allow for completion of extradition papers. Requisition by the Governor of Colorado for extradition of the petitioner was issued December 10th, Chevalier filed a petition for writ of habeas corpus December 17th, and the Governor of Virginia issued his extradition warrant for the petitioner December 20th.

Petitioner maintains that the writ should be granted because he is unlawfully detained. He bases this first on the claim he was illegally held for three days after completing his jail sentence to the time he was served with a fugitive warrant. Second, he maintains that he was illegally detained after his arrest on the fugitive warrant beyond the thirty-day limitation provided for in § 19.2–101 before being arrested on the rendition warrant of the Governor. In accordance with § 19.2–103, he was entitled either to be discharged or recommitted for an additional sixty days at the end of his thirty-day fugitive commitment. (The two cited statutes are part of the Uniform Criminal Extradition Act, Code §§ 19.2–85, *et seq.*). Petitioner thus claims that he was illegally imprisoned between November 12th and 15th (between the end of his prison term and service of the fugitive warrant), and between December 15th and 22nd (the end of the thirty-day detention period provided under § 19.2–101 and the date to which the case was continued for further proceedings).

As to the earlier period, the Commonwealth argues that the thirty-day sentence imposed on petitioner was "expressly" not to be subject to credit for time he had already served awaiting trial. There is no merit to this contention. The endorsement of judgment on the petty larceny warrant provides "thirty days to serve." § 53.1–187 provides that a person sentenced to a period of incarceration shall receive credit for time spent imprisoned awaiting trial. Thus petitioner's jail sentence was fully executed not later than November 12, 1982.

There is no merit to the petitioner's position with respect to either of the two periods during which he alleges he was illegally detained. As to the latter period of time, at the end of the thirty-day holding period provided in § 19.2–101, the petitioner could have demanded his release under § 19.2–102 providing, "[A]ny judge in this State may discharge him or may recommit him for a further period not to exceed sixty days . . . ." Before the thirty-day period had expired, the General District Court on December 2nd continued the case to December 22nd, which in effect was an exercise of that Court's discretion under § 19.2–103 to continue the case for up to sixty days beyond the initial thirty-day holding period provided for in § 19.2–101. Under such circumstances, no prejudice results to the petitioner as the result of that detention. *Whittington v. Bray*, 612 P.2d 72 (Colo. 1982).

As to both periods of detention, the warrant of the Governor of this Commonwealth was issued December 22, 1982. Once such a warrant has been validly issued, prior procedural irregularities concerning the detention of the fugitive become moot. *Whittington v. Bray, supra; Commonwealth ex rel. Holcombe v. Strode*, 402 A.2d 1067 (Pa. Super. 1979); and *In re Saunders*, 415 A.2d 199 (Vt. 1980).

In the last cited case, a determination by a lower court that the fugitive was arrested without probable cause and ordered released from incarceration was held not to put at naught the effect of the Governor's warrant, and arrest on the Governor's warrant was held good against a claim of prior illegal arrest.

In *People ex rel. Brandolino v. Hastings*, 421 N.Y.S.2d 893 (1979), petitioner sought habeas corpus release because the Governor's rendition warrant was not issued within the ninety-day time limit specified in the Uniform Criminal Extradition Act. The Court held that the ninety-day limit was to prevent indefinite detention in extradition cases in the absence of prosecution of the matter by the State. It held that an accused who had not been arrested pursuant to a Governor's warrant within the ninety-day time limit may demand release. But upon receipt of the Governor's warrant, such time limitations contained in the act lose their force and effect, and a Court is obligated to honor the Governor's requisition.

*Michigan v. Doran*, 439 U.S. 282, 58 L. Ed. 2d 521, 99 S. Ct. 530 (1978), brought up the mater of judicial review of a habeas corpus petition alleging irregularities in the extradition process. There the Court, recognizing a discretion in the executive of the asylum state in exercising powers of extradition held that courts of the asylum state are bound by federal constitutional requirements of Article IV, § 2, Clause 2. Further it held that once the asylum Governor has agreed to extradition, then on habeas corpus proceeding, a Court can look into four matters only:

> Whatever the scope of discretion vested in the governor of an asylum state, *cf. Kentucky v. Dennison*, 24 How. 66, 107, 16 L. Ed. 717 (1861), the courts of an asylum state are bound by Art. IV, § 2, *cf. Compton v. Alabama*, 214 U.S. 1, 8, 53 L. Ed. 885, 29 S. Ct. 605 (1909), by § 3182, and, where adopted, by the Uniform Criminal Extradition Act. A governor's grant of extradition is prima facie evidence that the

constitutional and statutory requirements have been met. *Cf.*
*Bassing v. Cady*, 208 U.S. 386, 392, 52 L. Ed. 540, 28 S. Ct.
392 (1908). Once the governor has granted extradition, a
court considering release on habeas corpus can do no more
than decide (a) whether the extradition documents on their
face are in order; (b) whether the petitioner has been
charged with a crime in the demanding state; (c) whether the
petitioner is the person named in the request for extradition;
and (d) whether the petitioner is a fugitive. These are his-
toric facts readily verifiable.

Petitioner cites *Speaks v. McGregor*, 355 F. Supp. 1129 (W.D. Va.
1973). That case, however, was a proceeding for damages for alleged
violation of civil rights under 42 U.S.C. § 1983 and is not apropos
the issues here.

The issuance of the Governor's warrant rendered any prior irregu-
larities as may have existed moot. Furthermore, the basis on which
the writ is sought does not encompass any of the four areas to which
the Courts are limited in habeas corpus proceedings vis-a-vis extra-
dition. For these reasons, the petition for the writ is denied, and peti-
tioner is continued in the custody of the respondent. This opinion
letter shall be filed with the record and constitute compliance with
§ 8.01–654, subsection 5.