[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: HABEAS CORPUS
Petitioner claims several defects in extradition proceedings wherein he is alleged to be a fugitive in Connecticut from New York State criminal charges.
At the hearing, petitioner relied on only one claim: the Connecticut Governor's warrant alleges that he committed crimes in New York State on August 21, 1991 when in fact petitioner was in Connecticut at that time. Petitioner put on two witnesses who testified that he was with them during the evening hours of August 21, 1991.
Respondent placed in evidence an affidavit from the prosecutor who had executed an affidavit as part of the application for a Governor's Requisition Warrant. The affidavit in evidence states that the date August 21, 1991 in the application affidavit contained a typographical error. The date of the crimes was actually August 31, 1991.
Petitioner claims that the information submitted to the Governor of Connecticut by the State of New York does not provide sufficient facts to inform petitioner as to when he allegedly committed any crimes in New York. This claim is based or the prosecutor's affidavit attached to the requisition papers which alleges August 21st as the date of the crimes and the Connecticut Governor's warrant ordering petitioner's arrest which states that the crimes were committed on August 21st, 1991. CT Page 4573
The court finds the petitioner's witnesses credible. Indeed, respondent does not challenge petitioner's claim of being in Connecticut on August 21, 1991. On cross-examination, neither witness could testify as to petitioner's whereabouts on August 31, 1991.
Respondent's evidence shows that the requisition documents from New York involved certified copies of the sworn charging papers which allege that the crimes were committed on or about August 31, 1991, in New York.
The sole issue is whether the conflict in dates renders the proceedings fatally defective.
The court finds that the 21st date in the prosecutor's affidavit was a typographical error which caused the Connecticut Governor's warrant to also state the wrong date.
Petitioner has submitted no authority in support of his claim that the erroneous date in the Connecticut warrant voids the extradition process. Respondent has submitted a plethora of authority to the contrary.
 "When it appears, as it does here, that the affidavit in question was regarded by the executive authority of the respective states concerned as a sufficient basis in law for their acting — the one in making requisition, the other in issuing a warrant for the arrest of the alleged fugitive — the judiciary should not interfere, on habeas corpus, and discharge the accused upon technical grounds, unless it is clear that what was done was in plain contravention of law." Compton v. Alabama, 214 U.S. 1, 8 (1909), quoted in Engel v. Bourbeau, 201 Conn. 162, 173 (1986).
In Miles v. State, 3390 So.2d 246 (Fla.App. 3d Dist. 1976), the requisition alleged a crime in 1975 when the correct date was a year earlier. It was clear that a typographical error had been made. The court held the date discrepancy to be of no consequence.
In People Ex Rel. Lewis v. Commissioner of Correction,417 N.Y.S.2d 377, 379 (1977), the date of the crime was not in the indictment. The court held that:
"Although a reasonably specific date is CT Page 4574 essential for a demanding state to successfully extradite a fugitive from an asylum state, it is not essential that the date be in the indictment. Rather, the date may be supplied in any official document of the demanding state to effectuate the purpose of extradition proceedings." (Emphasis supplied.)
In the instant case the official charging documents state the date as August 31, 1992 and the evidence proved that the prosecutor's affidavit contained a typographical error stating August 21 instead of August 31st. The prosecutor's affidavit with the incorrect date begins by referring to the two criminal complaints (charging documents) which charge crimes on August 31, 1991. Paragraph three of that affidavit states:
 "Upon information and belief, said defendant [petitioner] was actually present in the County of Bronx on or about August 21, 1991, the date of the commission of each of the above mentioned crimes, such information having been given by Detective Ann Burke." (Emphasis added.)
The "above mentioned crimes" refers to the charging documents or complaints, each of which was signed under oath by Detective Ann Burke.
It is obvious from all of the documents considered together that New York accuses the petitioner of committing crimes on August 31, 1991 and the 21st in the prosecutor's affidavit was in error. The Connecticut rendition warrant simply reiterated the New York prosecutor's erroneous date.
Neither of these errors voids the proceedings based on the rationale of the cases cited above. Petitioner was not misled in any way as to the date the crimes were allegedly committed. The criminal complaints allege robberies in the Bronx at approximately 11:05 and 11:20 p.m. Interestingly, petitioner's witnesses testified to being with him in Connecticut on August 21, 1991 only during the evening hours up to a time where it would not have been possible for him to have been in the Bronx between 11:00 and 11:30 p.m. This testimony was elicited despite petitioner's claim that New York did not provide "sufficient facts to inform [petitioner] as to when he allegedly committed any crimes in the State of New York." Obviously, petitioner wishes to use the times stated in the charging papers yet disregard the date on those same documents. CT Page 4575
For all of the foregoing reasons, the court finds the issues for the respondent and denies the petition.
E. EUGENE SPEAR, JUDGE