STATE ex rel. CHARLES E. MILLER v. J. R. McLEOD, as Sheriff of Hillsborough County, and BRYAN E. FORD, an Agent of the State of New York.

194 So. 628

Division A

Opinion Filed March 15, 1940

*Louis Schonbrun* and *R. G. Titsworth,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, *Thomas J. Ellis,* and *William Fisher, Jr.,* Assistant Attorneys General, for Defendants in Error.

THOMAS, J.—The relator was remanded by the circuit judge to the custody of the Sheriff of Hillsborough County for delivery to an agent of the State of New York after a hearing on writ of habeas corpus in which the sufficiency of the affidavit, basis for the original warrant, was challenged.

In our consideration of the case we are confronted with but one question, namely, the validity of the affidavit sworn to and subscribed before the "Deputy Clerk, City Court of Rochester, Criminal Branch." The proceedings bore the approval of the Governor of New York by his issuance of the requisition and by the Governor of Florida in honoring it.

The pertinent portions of the Federal statute covering the subject provide that "whenever the executive authority of any State * * * demands any person as a fugitive from justice, of the executive authority of any State * * * to which such person has fled, and produces a copy of an indictment found or an affidavit made *before a magistrate* of any State * * * charging the person demanded with having committed * * * crime, certified as authentic by the governor or chief magistrate of the (demanding) state * * *, it shall be the duty of the executive authority of the State * * * to which such person has fled to cause him to be arrested and * * * delivered * * *." 18 U. S. C. A., Sec. 662. We have supplied the italics because the words

italicized are the ones necessary to be construed in this case. We frame the question which we must answer: Is the "Deputy Clerk, City Court of Rochester, Criminal Branch" a magistrate within the meaning of the Act?

Although extradition of fugitives is thus regulated by Federal law (Kuney v. State, 88 Fla. 354, 102 South. Rep. 547), it is proper for us to examine the laws of the State where the affidavit was executed for the definition of the word magistrate as it is used in the statute. The Supreme Court of the United States, in discussing the efficacy of an affidavit made before a notary public in the State of Georgia stated the question thus:

"Was that sufficient under Sec. 5278 of the Revised Statutes (18 U. S. C. A., Sec. 662) requiring an affidavit to be made before a 'magistrate' that is, before one who could properly be deemed a magistrate within the meaning of the law of the State under whose authority he acts as notary public, and in which his duties are discharged?" Compton v. State of Alabama, 214 U. S. 1, 29 Sup Ct. Rep. 605, 607, 53 L. Ed. 885, 16 Ann. Cas. 1098.

Generally those designated as magistrates by the law of New York, according to the brief of plaintiff in error and not disputed by the State, are: Justices of the Supreme Court, judges of city courts, county and special county judges, city judges of the City of New York, judges of the court of general sessions in the City and County of New York, justices of the peace, police and other special justices appointed or elected in a city, village or town, and mayors and recorders of cities.

Specifically the authority of the officer before whom the questioned affidavit was made appears as follows, from a certified copy of Chapter 495 of the Laws of 1918 of

New York offered in evidence at the hearing of this cause before the circuit judge:

"The City Court of Rochester

"Title * * * 2—Criminal jurisdiction. * * *

"Section 480.—Clerk and assistants of criminal branch. The judges may appoint to hold office during their pleasure a Clerk of the Criminal Branch of the City Court, who is a confidential appointee of said judges, a Deputy Clerk, and such other subordinates as may be prescribed by the board of estimate and apportionment.

"The Clerk, the Deputy Clerk and other clerks appointed by the said Judges each has power to take informations upon which warrants for the arrest of persons charged with the commission of a crime, or a violation of an ordinance, may be issued by the City Judges; to issue and sign subpoenas; to administer oaths to witnesses; to make and sign executions, commitments and certificates of confirmation (conviction) and to certify to and sign copies thereof for the execution of any judgments rendered by the City court, Criminal Branch, or City Judge; and to receive deposits of money when such deposits are permitted by law to be made instead of bail or undertaking for appearance."

Counsel for the plaintiff in error has cited to us the case of *Ex Parte* Powell, 20 Fla. 806, text 811, wherein it was said that it:

"* * * should not be presumed in the absence of all evidence or recital of the fact that because the Governor of Georgia issued his requisition upon an affidavit, therefore the oath was taken before a magistrate authorized to issue process for arresting persons charged with crime. Presumptions are to be made in favor of personal liberty and upon facts."

. We doubt that the quotation justifies the strict construction of the statute thát is claimed for plaintiff in error. On the matter of the weight to be given the making of the requisition by one governor and the issuance of a warrant thereon by the other the Supreme Court of the United States has decided:

"When it appears, as it does here, that the affidavit in question was regarded by the executive authority of the respective States concerned as a sufficient basis, in law, for their acting,—the one in making a requisition, the other in issuing a warrant for the arrest of the alleged fugitive,— the judiciary should not interfere, on habeas corpus, and discharge the accused upon technical grounds, and unless it be clear that what was done was in plain contravention of law." Compton v. State of Alabama, *supra*.

We approved, in Mitchell v. Stoutamire, 113 Fla. 822, 836, 152 South Rep. 629, 634, an affidavit subscribed before a justice of the peace " 'By Mabel Wiseman, Clerk,' " not on the theory alone advanced by plaintiff in error here that it was valid because executed *before* the magistrate but for the reason that in the State where made, California, justices' clerks were empowered "* * * to administer oaths, take and certify affidavits, to issue and sign writs * * * and all papers * * * to be issued, signed * * * by justices of the peace."

In the decision reference was made to Compton v. State of Alabama, *supra,* and Mr. Justice Brown, the writer, observed that the justice had recognized the clerk's authority to sign his name to the jurat by subsequently issuing the warrant.

It is important to note at this point that on the same day the affidavit was made before the deputy clerk of the City of Rochester, Criminal Branch, plaintiff in error had committed an offense, the judge of said court signed a

warrant for the arrest of plaintiff in error, tested in the name of the "People of the State of New York," addressed "To any Peace Officer in the State of New York" and reciting that "Information upon oath" had been laid before him of the crime "and accusing Charles E. Miller (Plaintiff in error) thereof."

In State *ex rel.* Huston v. Clark, Sheriff, 121 Fla. 161, 163 South. Rep. 471, an affidavit taken before the clerk of a municipal court of Ohio by his deputy and bearing the name also of the municipal judge was held insufficient under the federal statute for lack of magisterial power and because of failure to show State authority. That decision is not controlling in this case because of the New York law which we have cited.

As we understand one Act, the police and municipal courts of the City of Rochester were combined under the title "City Court of Rochester." Under the designation "The City Court of Rochester, Title 2—Criminal jurisdiction, Section 480—Clerk and assistants of criminal branch," the judges were authorized to appoint a deputy clerk with power "to take informations upon which warrants for the arrest of persons charged with the commission of a crime, or a violation of an ordinance * * *" might issue. Under the other Act among those designated as magistrates were judges of the city courts and recorders of cities.

We apprehend that the word "magistrate" should be given a broader meaning than counsel for plaintiff in error would ascribe to it. In Compton v. State of Alabama, to which we again, and finally, advert, the term is defined, quoting Mr. Justice STORY, as: " '* * * a person clothed with power as a public civil officer.' "

In the light of the New York laws we are not inclined to place such a narrow construction on powers and duties

of the deputy clerk of the city court of Rochester as to invalidate his action in taking the acknowledgment to the affidavit on which plaintiff in error is held and thereby render void the act of the Governor in honoring the requisition.

We conclude that the circuit judge was correct in remanding the prisoner and his judgment is—

Affirmed.

TERRELL, C. J., WHITFIELD and CHAPMAN, J. J., concur. BROWN and BUFORD, J. J., dissent.