BARKDULL, Chief Judge.
Appellant, respondent in habeas corpus, seeks review of an order of the circuit *480 court, holding that the arrest of the appellee [pursuant to a warrant based on an affidavit of one other than a police officer] was invalid and discharging the appellee from custody.
The record on appeal discloses that the appellee was arrested pursuant to a warrant based on the affidavit of one Geraldine Johnson. Thereafter, the appellee filed his petition for habeas corpus in the trial court, complaining of being arrested pursuant to an arrest warrant issued: (1) for an offense not committed in the presence of an arresting officer, and (2) on the basis of an affidavit made by one Geraldine Johnson, who is not a member of the police force of the City of Miami; on the ground that said arrest is invalid and illegal, being contrary to § 24(a) of the Charter of the City of Miami.[1] The writ of habeas corpus was issued and the trial court, upon hearing testimony and argument of counsel, entered the order appealed finding the arrest was illegal and discharging the appellee from custody, on the authority of Rosa v. City of Miami, 12 Fla.Supp. 131.
The appellant contends the trial court erred in holding the warrant illegal and discharging the appellee from custody, on the basis that the affidavit supporting the warrant was made by a person other than a police officer, on the grounds that § 168.04, Fla.Stat., F.S.A., provides for issuance of an arrest warrant based on the affidavit of an ordinary citizen. The appellant also contends that said statute applies in the instant case, by virtue of § 84 of the Charter of the City of Miami [2] making laws of the State of Florida applicable to the City of Miami, when said general laws are not in conflict with the Charter and Ordinances of the City of Miami.
There is nothing in the special act of the Legislature enacting the Charter of the City of Miami which indicates that the provisions of § 24(a) are to be the exclusive remedy for the issuance of arrest warrants by the City officials. Same not being designated as the exclusive remedy to control the procedure of the issuance of arrest warrants, it is compatible with § 168.04, Fla.Stat., F.S.A., which is incorporated by reference as a part of the Charter of the City of Miami pursuant to the provisions of § 84 of the Charter. Therefore, when the provisions of the special act and the general law can be reconciled in harmony, they should both' be enforced. See: In re Adam’s Guardianship, Fla.App.1958, 99 So.2d 723; 30 Fla. Jur., Statutes, § 115; 82 C.J.S. Statutes § 369.
Counsel for the appellee urges that the use of the word “shall” in § 24(a) of the Charter being mandatory that a police officer cause the issuance of an arrest warrant when he receives information of a violation, implies the exclusive procedure for obtaining same. However, it occurs that the reason this was included within the provisions of the Charter was to eliminate *481 any discretion on the part of a police officer, in regard to obtaining an arrest warrant when he receives information of a violation of an ordinance, by requiring that he seek the issuance of such a warrant.
It is apparent from the order of the Circuit Judge, here under review, that in reaching his decision in the matter before him he relied heavily upon an opinion in a prior cause rendered by a fellow Circuit Judge, reported in Rosa v. City of Miami, supra. This opinion held that an arrest warrant in the City of Miami, issued upon an affidavit of one other than a police officer was defective. We have examined this opinion and do not agree with the reasoning therein contained because of the views expressed above.
Therefore, the order here under review is reversed and this cause returned to the trial court, with directions to discharge the writ and order the return to custody of the relator.
Reversed and remanded with directions.

. § 24(a), Charter of the City of Miami, provides in part as follows: “ * * * The chief of police or any policeman of the City of Miami, may arrest without warrant,, any person violating any of the ordinances of the city committed in the presence of such officer, and when knowledge of the violation of any ordinance of said city shall come to the said chief of police or policeman, not committed in his presence, he shall make affidavit before the judge or clerk of municipal court against the person charged with such violation, whereupon, said judge or clerk ■shall issue a warrant for the arrest of such person. * * *”

. “§ 84. General laws to apply.
“All general laws of the state, applicable to municipal corporation, heretofore, or hereafter enacted and which are not in conflict with the provisions of this charter or with ordinances or resolutions hereafter enacted by this commission pursuant to authority conferred by this charter, shall be applicable to said city; provided, however, that nothing contained in this charter shall be construed as limiting the power of the commission to enact any ordinance or resolution not in conflict with the constitution of the state or with the express provisions of this charter.”