HOBSON, Chief Judge.
Appellant was charged in Tampa Municipal Court of careless driving while his ability to drive was impaired. He had been arrested under a warrant issued in the name of the city clerk of the City of Tampa, and signed by a deputy clerk. Appellant moved to quash the warrant in the municipal court on the grounds that the issuance of a warrant by a city clerk was the exercise of a judicial function by a nonjudicial officer, and therefore a violation of the separation of powers under Fla. Const. Art. II, § 3, F.S.A. (1968), and Fla. Const. Art. V, § 1, F.S.A. (1968) which vests the judicial power in the courts of the state. Appellant’s motion was denied, and he petitioned the Circuit Court of Hills-borough County for a writ of common law certiorari to review the denial of his motion to quash the warrant. The petition was denied by the Circuit Court, and the appellant appealed to the Supreme Court of Florida. The Supreme Court found *232 the matter to be within the jurisdiction of this court and transferred the case here.[1]
Appellant contends that Fla.Stat. § 168.04, F.S.A. (1967),[2] and Sections 495 [3] and 160.1[4] of the charter of the City of Tampa are unconstitutional insofar as they purport to vest in the city clerk the power to issue arrest warrants, and impliedly therewith, the power to determine the question of probable cause for the arrest. These and like provisions have been dealt with before by Florida courts,[5] but the constitutionality of the procedure has not been raised in this state.
Appellant contends that the decision as to whether a warrant should issue is a judicial function and that because the legislature may not exercise judicial functions, it may not delegate judicial functions by statute to non-judicial officers. We disagree, and hold that the decision whether to issue a warrant is, at most, quasi-judicial and not within the “judicial power” reserved by the constitution to the judicial branch. See generally Florida Motor Lines v. Railroad Commissioners, 100 Fla. 538, 129 So. 876 (1930). E. g. Kreulhaus v. City of Birmingham, 164 Ala. 623, 51 So. 297 (1909); State v. Ruotolo, 52 N.J. 508, 247 A.2d 1 (1968); State ex rel. Sahley v. Thompson, 151 W.Va. 336, 151 S.E.2d 870 (1966); cf. State v. Furmage, 250 N.C. 616, 109 S.E.2d 563 (1959). Contra, State v. Paulick, 277 Minn. 140, 151 N.W.2d 591 (1967).
State v. Paulick, supra, relied upon heavily by appellant, dealt with the very question before this court in the case sub judice. There, the Supreme Court of Minnesota held that a statute which vested authority to issue arrest warrants in clerks of municipal courts was unconstitutional as a violation of the separation of powers. Although the court’s opinion is scholarly and appealing, we chose to follow the reasoning of the Supreme Court of New Jersey in State v. Ruotolo, supra. The court stated at pages 3-5 of 247 A.2d:
“With regard to the issuance of a warrant, there is no doubt that if a determination of ‘probable cause’ is to have any meaning, it must be made by a neutral and detached court official who is immune from ‘the often competitive enterprise of ferreting out crime.’ Johnson v. United States, supra, 333 U.S. *233 at 14, 68 S.Ct. [367] at 369, 92 L.Ed. [436] at 440.”
******
“A finding of neutrality, however, goes only part of the way to justify the challenged procedure. Before a deputy clerk is constitutionally permitted to determine whether the facts as alleged by the complainant constitute probable cause that an offense has been committed and that the defendant is the culprit, we must ask: Is the deputy clerk qualified to exercise the necessary judgment?”
******
“[W]e believe that background in the law, although desirable, is not a requirement imposed by the Constitution on a determination of probable cause. After all, probable case [sic] is a standard which is designed to be applied by laymen. A policeman may make an arrest without a warrant where there is probable cause, i. e., where there are facts which would lead ‘a man of reasonable caution’ to believe a crime has been or is being committed.”
******
“Throughout the history of this country laymen have served in various judicial capacities, and particularly in order to determine the existence of probable cause. United States Commissioners, appointed by the United States District Courts, have been invested with the power to issue arrest warrants in federal prosecutions. Fed.Rules Crim.Procedure 3, 4. Today, almost one-third of the United States commissioners are laymen. See Staff Memorandum, Subcommittee on Improvements in Judicial Machinery, reported in Hearings, Senate Judiciary Committee, Federal Magistrates Act, 1967, p. 30. A grand jury, from which lawyers are routinely excluded, applies the standard of probable cause in determining whether to return an indictment. Grand jurors and petit jurors apply sundry rules of law to factual complexes; our jury system rests upon the premise that one need not be a lawyer to understand guiding principles and to make judgments in the light of them.”
We feel that the emphasis should not be placed upon fine distinctions between judicial officers and non-judicial officers, but instead upon the requirement that the person who issues the warrant be neutral and disinterested, and that such person make a finding of probable cause before issuing a warrant. We see no evidence that the city clerk is unalterably aligned with the forces of law enforcement[6] and therefore he may fulfill the role of the neutral person which the constitution requires to be placed between the police and the public.
Appellant argues that the city, by allowing the clerk to issue arrest warrants, was providing nothing more than a “rubber stamp” for the police. If this were the case, it would be clearly unacceptable. However, there is nothing in the record to substantiate this allegation.
For the reasons stated, we hold the challenged statutes constitutional and the order appealed is
Affirmed.
LILES and McNULTY, JJ., concur.

. F.A.R. 2.1(a) (6) (d), 32 F.S.A.

. Fla.Stat. § 168.04 F.S.A. (1967) : “Clerk and Marshal May Take Affidavits and Issue Warrants
“The clerk may administer an oath to and take affidavit of any person charging another with an offense by breach of an ordinance, and may issue a warrant to the marshal to have the accused person arrested and brought before the mayor for trial. The marshal may, in the absence of the mayor and clerk from the police station, administer oaths to affidavits of complaints and issue warrants for the arrest of persons complained against.”

. Laws of Fla.1903, Ch. 5363, § 17:
“The chief of police, or any policeman of the city of Tampa, may arrest, without warrant, any person violating any of the ordinances of said city, committed in the presence of such officer, and when knowledge of the violation of any ordinance of said city shall come to said chief of police or policeman, not committed in his presence, he shall at once make affidavit, before the judge or clerk of the municipal court, against the person charged with such violation, whereupon said judge or clerk shall issue a warrant for the arrest of such person.”

. Laws of Fla.1961, Ch. 61-2915, § 1: “The City Clerk of the City of Tampa, with the approval of the Mayor, may appoint one or more deputies, such deputy or deputies to be selected from the approved classified list of the city civil service, and to have and exercise the same powers as the city clerk himself, including but not limited to the issuance of warrants. One or more of such deputies may be designated as clerks of the Municipal Court.”

. United States v. Melvin, 258 F.Supp. 252 (S.D.Fla.1966); Headley v. State ex rel. Bethune, 166 So.2d 479 (Fla.App. 3d 1964).

. E. g. State v. Matthews, 270 N.C. 35, 153 S.E.2d 791 (1967) ; State ex rel. White v. Simpson, 28 Wis.2d 590, 137 N.W.2d 391 (1965).