ADKINS, Justice.
This is an appeal from a decision of the District Court of Appeal, Second District (Shadwick v. City of Tampa, 237 So.2d 231), which directly and initially passed upon the validity of certain statutes.
The only question involved is whether Fla.Stat. (1967) § 168.04, F.S.A., and §§ 495 and 160.1 of the Charter of the City of Tampa (the provisions of these statutes are included in the District Court of Appeal opinion, 237 So.2d 231, 232) are unconstitutional insofar as they purport to *5 vest in the city clerk the power to issue arrest warrants, and impliedly therewith, the power to determine the question of probable cause for the arrest. The Florida Constitution provides that special laws or general laws of local application may be enacted by the Legislature pertaining to the duties of municipal officers. Fla.Const. art. Ill, § 11(a) (1) (1968), F.S.A. Similar provisions were included in the earlier constitution. Fla.Const., art. Ill, § 20 (1885). Pursuant to this authority, the Legislature enacted special laws pertaining to the duties of clerks and deputy clerks of the municipal courts in the City of Tampa, and incorporated in the Charter of the City of Tampa provisions authorizing the clerk of the municipal court to issue warrants for arrest. The powers granted the clerk of the municipal court, or his deputies, in the special law were not incompatible or in conflict with the general laws of the State of Florida. See Fla.Stat. § 168.04 (1967), F.S.A.; Headley v. State, 166 So.2d 479 (Fla.App.3d, 1964).
Appellant says the clerk or deputy clerk of the municipal court is not a judicial officer such as could perform the duties of determining probable cause or act as a neutral or detached magistrate in the exercise of a judicial discretion to determine the existence of probable cause. However, the determination of probable cause for an arrest need not be confined to strictly judicial officers, as such a function is only quasi-judicial. Ocampo v. United States, 234 U.S. 91, 34 S.Ct. 712, 58 L.Ed. 1231 (1914).
Therefore, the statutes authorizing a clerk or deputy clerk of a municipal court to issue arrest warrants are not an unconstitutional exercise or delegation of “judicial power” and conform to the requirement of the Fourth and Fourteenth Amendments to the Constitution of the United States. See Florida Motor Lines v. Railroad Commissioners, 100 Fla. 538, 129 So. 876 (1930).
The general law is stated in 22 C.J.S. Criminal Law § 318, pp. 820, 821, as follows :
“When so provided by statute, the authority to issue warrants may be vested in officers whose other duties are purely ministerial, such as clerks, * *
and further in 15 Am.Jur.2d, Clerks of Court § 22, pp. 528, 529:
“A clerk of court may not exercise judicial power except by constitutional or legislative provision, and then only in accordance with the strict language of the provision. * * *
“Certain acts, although partially judicial in nature, may be performed by the clerk of the court. A familiar example is the power to issue warrants of arrest.” (Emphasis supplied)
Arrest warrant procedure requires that inferences from facts which lead to the complaint “be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.” Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503 (1958). The word “magistrate” has been given a broad meaning. In a general sense, a magistrate is a public officer, possessing such power, legislative, executive, or judicial, as the government appointing him may ordain, although in a narrow sense he is regarded as an inferior judicial officer. See J. D. Compton v. State of Alabama, 214 U.S. 1, 29 S.Ct. 605, 607, 53 L.Ed. 885 (1909); State ex rel. Miller v. McLeod, 142 Fla. 254, 194 So. 628, 630 (1940). The clerk and deputy clerks of the municipal court of the City of Tampa are neutral and detached “magistrates,” unconnected with law enforcement, for the purpose of issuing arrest warrants within the requirements of the United States Constitution, Fourth and Fourteenth Amendments, and Fla.Const. art. I, § 12 (1968), by virtue of the Flori *6 da Statutes fixing their powers and duties to issue arrest warrants.
The opinion and decision of the District Court of Appeal is approved and affirmed.
ROBERTS, C. J., and ERVIN, CARLTON, McCAIN, DEKLE and DREW (Retired), JJ., concur.