QUESTION: Can a clerk of a municipal court take affidavits and issue warrants?
SUMMARY: Section 168.04, F.S. 1971, continues in effect pursuant to s. 5(2) of Ch. 73-129, Laws of Florida, the Municipal Home Rule Powers Act, now s. 166.042(1), F.S.; and, insofar as it purports to confer authority on a neutral and detached clerk to issue an arrest warrant upon an affidavit alleging facts showing probable cause to believe that a municipal ordinance has been violated by the person against whom the warrant is issued, s. 168.04, F.S. 1971, as continued in effect, is constitutionally valid. In posing your question, you refer specifically to s. 168.04, F.S. 1971, which formerly provided in pertinent part that The clerk may administer an oath to take affidavit of any person charging another with an offense by breach of an ordinance, and may issue a warrant to the marshal to have the accused person arrested and brought before the mayor for trial. . . . It is true, as you state, that this section has been repealed by Ch. 73-129, Laws of Florida, the Municipal Home Rule Powers Act (Ch. 166, F.S.). However, s. 5(2) of Ch. 73-129, now s. 166.042(1), provides that It is the legislative intent that the repeal of the foregoing chapters of the Florida Statutes [including Ch. 168, F.S. 1971] shall not be interpreted to limit or restrict the powers of municipal officials . . . [and] that municipalities shall continue to exercise all powers heretofore conferred on municipalities by the chapters enumerated above, but shall hereafter exercise those powers at their own discretion, subject only to the terms and conditions which they choose to prescribe. Applying the foregoing expression of legislative intent to the instant inquiry, I am of the opinion that, assuming the power to issue arrest warrants conferred on a clerk by s. 168.04, F.S. 1971, is otherwise constitutionally valid, it may continue to be exercised by that clerk pursuant to s. 166.042(1). Cf. AGO's 074-274 and 075- 101. See also s. 166.021(1) providing, inter alia, that a municipality "may exercise any power for municipal purposes, except when expressly prohibited by law." As to the constitutional validity of s. 168.04, F.S. 1971, preserved in effect by s. 166.042(1), F.S., the Florida Supreme Court in Shadwick v. City of Tampa,250 So.2d 4 (Fla. 1971), held that s. 168.04 and applicable provisions of the charter of the City of Tampa, insofar as they purported to confer power on the clerk and deputy clerks of the municipal court of the City of Tampa to issue an arrest warrant — and impliedly therewith, the power to determine the question of probable cause for the arrest — were not violative of the Fourth andFourteenth Amendments of the United States Constitution or Art. I, s. 12, State Const. This was so, according to the court, because the clerk and deputy clerks were "neutral and detached magistrates." Cf. AGO 068-61. The Florida Supreme Court's decision in Shadwick was affirmed by the United States Supreme Court, per Justice Powell at 407 U.S. 345 (1972). There, it was stated that an issuing "magistrate" — a term which the court acknowledged as having been used interchangeably with the term "judicial officer" in its previous decisions — must meet two tests. "He must be neutral and detached and he must be capable of determining whether probable cause exists for the requested arrest or search." [See]407 U.S. at 350. With respect to the first test, the court recognized that the clerk of the municipal court of the City of Tampa was removed from the prosecutor and the police and that he worked within the judicial branch subject to the supervision of the municipal court judge. "In this sense," the court stated "he may well be termed a `judicial officer.'" [See] 407 U.S. at 351. With respect to the second test, the court found no showing that the clerk would be unable to deduce from the facts on an affidavit before him whether there was probable cause to believe a citizen guilty of a breach of a municipal ordinance. Accordingly, the court held that the clerk could constitutionally issue the warrants there involved. [See] 407 U.S. at 352. Cf. Gerstein v. Pugh, 95 S.Ct. 854, (1975), in which the United States Supreme Court, again per Justice Powell, held that, although a full adversary hearing is not constitutionally required in order to make a determination of probable cause, a person arrested without a warrant and charged by a prosecutor's information could not be constitutionally jailed or subjected to other restraints pending trial without any opportunity for a probable cause determination, id., 95 S.Ct. at 865; and in which the court cited its previous decision in Shadwick in support of the proposition that theFourth Amendment to the United States Constitution requires that the existence vel non of probable cause be decided by a "neutral and detached magistrate." Id., 95 S.Ct. at 865. In conclusion, therefore, I am of the opinion that, insofar as s. 168.04, F.S. 1971 (preserved in effect by s. 166.042[1], F.S.), purports to convey authority upon a neutral and detached clerk to issue an arrest warrant upon an affidavit alleging facts showing probable cause to believe that a municipal ordinance has been violated by the person against whom the warrant is issued, that section, as preserved in effect, continues to be constitutionally valid. Your question is answered in the affirmative.