CONNER, J.
City of Pembroke Pines (“City”) appeals the final summary judgment entered in favor of the School Board of Broward County (“School Board”). City raises four issues, one of which argues four sub-issues. The two inquiries central to most of the issues are whether the trial court erred in: (1) granting summary judgment after being apprised that a grand jury report found School Board to be corrupt in its capital construction processes, and (2) not granting an evidentiary hearing on the grand jury report prior to entering summary judgment.[1] After considering all the issues raised, we affirm.
City owns and operates five charter schools. At the heart of City’s assertions before the trial court and on appeal is the contention that section 1011.71(2), Florida Statutes (2007), required School Board to include City’s request for capital outlay funds as part of its 2007 budget. Section 1011.71(2) is the statutory authority that gives school districts the discretion to levy taxes, up to a specified maximum rate, for capital improvements. Prior to 2006, section 1011.71(2) did not authorize school boards to use any portion of this tax revenue for charter schools.[2] Effective July 1, 2006, the legislature amended section *169 1011.71(2) to grant school districts the discretion to allocate some of their discretionary tax revenues to charter schools.[3] City contends School Board ignored its request due to corruption.
We first note that the grand jury report did not investigate issues of corruption regarding the funding of capital outlays for charter schools. More importantly, the grand jury report was not summary judgment evidence. Because a grand jury operates using a probable cause burden of proof, see Shadwick v. City of Tampa, 237 So.2d 231, 233 (Fla. 2d DCA 1970), the grand jury report could never be used as summary judgment evidence. Further, City failed to preserve error because it never requested a continuance of the summary judgment hearing to develop discovery of summary judgment evidence. We find no abuse of discretion when the trial court implicitly denied the request for an evidentiary hearing on the grand jury report.[4]
We agree with the trial court that City is seeking judicial intervention for inclusion in school board discretionary budgets after the legislature has declined to mandate inclusion, despite lobbying efforts by charter schools.

Affirmed.

POLEN, J., and KEYSER, JANIS BRUSTARES, Associate Judge, concur.

. A grand jury was impaneled by the Florida Supreme Court to investigate School Board. On February 18, 2011, the grand jury filed its report. City contends the report was scathing in its conclusion that School Board was corrupt in its capital construction processes.

. Section 1011.62, Florida Statutes (2007), entitled "Charter Schools Capital Outlay Funding,” is a separate statute which creates funding for charter school capital improvements. Section 1011.62 remains in effect, even after the amendment to section 1011.71(2) granted school boards the discretion to use revenues under that section for charter schools.

. In 2007, section 1011.71(2) stated in relevant part: "... [E]ach school board may levy not more than 2 mills against the taxable value for school purposes for district schools, including charter schools at the discretion of the school board ...(emphasis added).

. The trial court did not verbally announce a ruling on the request for an evidentiary hearing or enter an order denying the request, but we view the entry of the final summary judgment as a clear indication the trial court denied the request.