STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. ANGELO B. RUOTOLO, DEFENDANT-APPELLANT.

Decided October 21, 1968.

*Mr. Thomas J. Shamy* argued the cause for defendant-appellant.

*Mr. Christopher R. Wood,* Assistant Prosecutor, argued the cause for plaintiff-respondent (*Mr. Edward J. Dolan,* Middlesex County Prosecutor, attorney; *Mr. Christopher R. Wood* on the brief).

The opinion of the court was delivered by

PROCTOR, J. ██ The sole question before us is whether an arrest warrant for a misdemeanor may constitutionally be issued by a deputy clerk of a municipal court, as permitted by statute and court rules. Defendant contends that a deputy clerk is not an impartial judicial officer as required by the United States Supreme Court's interpretation of the fourth amendment.[1]

---

[1] The fourth amendment is made applicable to the states by the fourteenth amendment. *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961).

The facts are undisputed. On February 6, 1967, defendant's wife signed a complaint in the municipal court of New Brunswick charging that the defendant failed to support her and their two children in violation of *N. J. S.* 2*A* :100–2, an indictable misdemeanor. The complaint was taken by the deputy court clerk of the municipal court, who issued a warrant for the defendant's arrest. The parties stipulate:

On February 20, 1967, the Defendant was at his apartment at 167 Remsen Avenue in New Brunswick when two officers of the Police Department of that city, armed with the above warrant, displayed the same to his wife and gained entrance thereto. When asked where Defendant was, the wife pointed to the bathroom door and left the room. At the hearing upon Defendant's motion to suppress evidence, the officers testified that they knocked on the bathroom door and saw the Defendant with narcotic paraphernalia, when he parted the curtains covering the glass on the door, apparently to see who had knocked.

The officers subsequently forced the door and conducted a search in which they discovered incriminating evidence. Defendant was placed under arrest and taken into custody.[2]

The defendant was indicted for unlawful possession of heroin, and before trial moved to suppress the evidence obtained pursuant to his arrest on the ground that his fourth amendment rights had been violated. The motion was denied by the county court and the Appellate Division granted leave to appeal. The Appellate Division reversed the trial court, holding that to the extent that the New Jersey statute and court rules permit the issuance of an arrest warrant by a deputy clerk, they contravene the fourth amendment. On the State's petition the Appellate Division granted a rehear-

---

[2] At the argument before the Appellate Division, the State conceded that the entry into defendant's apartment could not be justified on any theory of consent of defendant's wife. While we accept this concession, because the point has not been briefed or argued, there can be little question that the wife, as the complaining witness, is a person much more prone to consent to police entry than someone confronting the police for the first time. See *Bumper v. State of North Carolina*, 391 U. S. 543, 88 S. Ct. 1788, 20 L. Ed. 2d 797 (1968).

ing and recalled its opinion. Because the rules of this Court were being challenged, we then certified the matter upon the Appellate Division's request.

*N. J. S.* 2A:8-27 provides that "* * * any magistrate of a municipal court, any clerk or deputy clerk thereof * * * may, within the municipality wherein an offender may be apprehended, administered or take any oath, acknowledgment, complaint or affidavit to be used in the proceedings, issue warrants and summonses * * *." *R. R.* 8:3-2(a)(2) states that "In the case of indictable offenses other than high misdemeanors and in instances of non-indictable offenses, if it appears from the complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it." *R. R.* 8:3-2(b)(1) provides in part: "The warrant shall be signed by the committing magistrate or tested in his name and signed by the person empowered by law to take complaints." See also *R. R.* 3:2-2(a)(1) and *R. R.* 8:3-2(a)(1) with regard to high misdemeanors. It is clear that the statute and rules, read together, authorize a deputy clerk to issue an arrest warrant.

Defendant does not assert that the facts set forth in his wife's complaint provide an insufficient basis for his arrest. Rather, he contends that the fourth amendment's guarantee that "no Warrants shall issue, but upon probable cause * * *" as construed by the United States Supreme Court, requires that a neutral and detached judicial officer make the determination. *Wong Sun v. United States,* 371 *U. S.* 471, 83 *S. Ct.* 407, 9 *L. Ed. 2d* 441 (1963); *Johnson v. United States,* 333 *U. S.* 10, 68 *S. Ct.* 367, 92 *L. Ed.* 436 (1947). Defendant asserts that a deputy clerk of a municipal court is not a judicial officer within the meaning of the above cases, and that therefore the statute and rules permitting the practice are unconstitutional, and his arrest illegal. Were defendant to prevail, it would follow of necessity that the evidence seized as a result of an illegal arrest must be sup-

pressed. *Giordenello v. United States,* 357 *U. S.* 480, 78 *S. Ct.* 1245, 2 *L. Ed. 2d* 1503 (1958).

■ With regard to the issuance of a warrant, there is no doubt that if a determination of "probable cause" is to have any meaning, it must be made by a neutral and detached court official who is immune from "the often competitive enterprise of ferreting out crime." *Johnson v. United States, supra,* 333 *U. S.,* at 14, 68 *S. Ct.,* at 369, 92 *L. Ed.,* at 440.

■ An official associated in any way with the prosecution of alleged offenders, because of his allegiance to law enforcement, cannot be allowed to be placed in a position requiring the impartial judgment necessary to shield the citizen from unwarranted intrusions into his privacy. See *State ex rel. White v. Simpson,* 28 *Wis. 2d* 590, 137 *N. W. 2d* 391 (1965), holding that a statute permitting a district attorney to issue an arrest warrant in a paternity suit violated the fourth amendment because the district attorney was not an impartial judicial officer. See also *State v. Matthews,* 270 *N. C.* 35, 153 *S. E. 2d* 791 (1967), holding that a police desk officer is not the neutral and detached judicial officer required by the fourth amendment.

In New Jersey, the municipal court clerk or deputy clerk is completely independent of any agency charged with the apprehension and prosecution of offenders. Pursuant to its power as set forth in *Art.* VI, § 2, *par.* 3 of the New Jersey Constitution, this Court promulgated *R. R.* 1:25C restricting the activities of court personnel. By *R. R.* 1:25C(a)(7), clerks and deputy clerks, as members of the judicial branch of government "shall not hold any elective public office, nor be a candidate therefor, shall not engage in partisan political activity, and shall not, without prior approval of this court, hold any other public office or position." In furtherance of this rule, this Court has instructed all municipal courts that "no municipal court employee or other employee assigned to serve a municipal court may have any connection

with the police department." *Municipal Court Bulletin Letter No. 68,* p. 2, September 29, 1961.

 Although the clerks and deputy clerks are appointed by the governing authorities, as are most of the municipal court judges,[3] there is no question that the branch of government to which a clerk or deputy clerk is responsible is the judiciary. *Cf. In re Mattera,* 34 *N. J.* 259, 266 (1961). As an official of the municipal court, he is as insulated from prosecutorial influence as is the judge of the court. Merely because he does not wear a robe does not detract from the clerk or deputy clerk's neutrality.

A finding of neutrality, however, goes only part of the way to justify the challenged procedure. Before a deputy clerk is constitutionally permitted to determine whether the facts as alleged by the complainant constitute probable cause that an offense has been committed and that the defendant is the culprit, we must ask: Is the deputy clerk qualified to exercise the necessary judgment? Defendant relies upon the decision of the Supreme Court of Minnesota in *State v. Paulick,* 277 *Minn.* 140, 151 *N. W. 2d* 591 (1967), which answered this question in the negative, and held that a statute authorizing clerks and deputy clerks to issue arrest warrants violated the fourth amendment. The court said: "However conscientious and impartial may be the clerk of Hennepin County Municipal Court who supervised the execution of the complaint and issued the warrant on behalf of the village of Minnetonka, his background and experience we can assume are not in the law. It is highly improbable that he was qualified to determine whether the complaint and warrant met constitutional standards." *Id.,* 277 *Minn.,* at 150, 151 *N. W. 2d,* at 598; *cf. Caulk v. Municipal Court for City of Wilmington, Del.,* 243 *A. 2d* 707 (1968). *Contra, Family Finance Corp. of Bayview v. Sniadach,* 37 *Wis. 2d* 163, 154 *N. W. 2d* 259 (1968); *State v. Van Brocklin,* 194

---

[3] Where there is a judge of a municipal court of two or more municipalities, the judge is nominated and appointed by the governor with the advice and consent of the Senate. *N. J. S.* 2A:8–5.

514

*Wis* 441, 217 *N. W.* 277 (1927) ; *Kreulhaus v. City of Birmingham,* 164 *Ala.* 623, 51 *So.* 297, 26 *L. R. A., N. S.,* 492 (1909).

█ But we believe that background in the law, although desirable, is not a requirement imposed by the Constitution on a determination of probable cause. After all, probable cause is a standard which is designed to be applied by laymen. A policeman may make an arrest without a warrant where there is probable cause, *i. e,* where there are facts which would lead "a man of reasonable caution" to believe a crime has been or is being committed. *Carroll v. United States,* 267 *U. S.* 132, 162, 45 *S. Ct.* 280, 69 *L. Ed.* 543, 555 (1925). As the Supreme Court stated in *Brinegar v. United States,* 338 *U. S.* 160, 175, 69 *S. Ct.* 1302, 1310, 93 *L. Ed.* 1879, 1890 (1949) :

"In dealing with probable cause, * * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."

Throughout the history of this country laymen have served in various judicial capacities, and particularly in order to determine the existence of probable cause. United States Commissioners, appointed by the United States District Courts, have been invested with the power to issue arrest warrants in federal prosecutions. *Fed. Rules Crim. Procedure* 3, 4. Today, almost one-third of the United States Commissioners are laymen. See Staff Memorandum, Subcommittee on Improvements in Judicial Machinery, reported in *Hearings, Senate Judiciary Committee, Federal Magistrates Act, 1967,* p. 30.[4] A grand jury, from which lawyers

---

[4] Also in the federal system, a clerk of a municipal court who has the authority to issue arrest warrants under a state statute, is considered to be a "magistrate" within the meaning of 18 *U. S. C. A.* § 3182, which requires that before a prisoner can be extradited there must be "an affidavit made before a magistrate of any State * * * charging the person demanded with having committed * * * [a] crime." *Marks v. Eckerman,* 57 App. D. C. 340, 23 F. 2d 761

are routinely excluded, applies the standard of probable cause in determining whether to return an indictment. Grand jurors and petit jurors apply sundry rules of law to factual complexes; our jury system rests upon the premise that one need not be a lawyer to understand guiding principles and to make judgments in the light of them. At the present time New Jersey has 37 municipal court judges who are not attorneys, all of whom have the power to determine probable cause and, indeed, to decide ultimate issues of guilt.[5] Of course, a United States Commissioner, or a municipal court judge exercises a broader judicial power than does a clerk or deputy clerk who is authorized to determine probable cause by statute and court rules.

By its very nature probable cause is a standard which can be applied by laymen, so long as they exercise reasonable caution. It is a practical, non-technical concept, not requiring the complex weighing of factual and legal considerations which is the judge's daily task. In issuing arrest warrants permitted by *N. J. S.* 2A:8–27 and *R. R.* 8:3–2, clerks and deputy clerks possess the neutral status and qualifications necessary to comport with the requirements of the fourth amendment.

The order of the trial court is affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN — 7.

*For reversal* — None.

---

(1927). See also *Compton v. State of Alabama*, 214 U. S. 1, 29 S. Ct. 605, 53 L. Ed. 885 (1909) ; *People v. Britt*, 195 Misc. 722, 92 N. Y. S. 2d 662 (Sup. Ct.), *aff'd* 276 App. Div. 815, 93 N. Y. S. 2d 704 (1949).

[5] These 37 municipal court judges are eligible to retain their positions because they had been appointed prior to January 1, 1952. *N. J. S.* 2A:8–7.