222 N.J. Super. 30 (1987)
535 A.2d 983
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GARY BOBO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 14, 1987.
Decided December 14, 1987.
*31 Before Judges MICHELS, GAYNOR and ARNOLD M. STEIN.
Howard N. Sobel, attorney for appellant (Frederick J. Schuck, on the letter brief).
W. Cary Edwards, Attorney General, attorney for respondent (Boris Moczula, Deputy Attorney General, of counsel, and on the letter brief).
The opinion of the court was delivered by ARNOLD M. STEIN, J.S.C. (temporarily assigned).
Pursuant to a plea bargain, defendant entered a plea of guilty to possession of marijuana with intent to distribute, in violation of N.J.S.A. 24:21-19(a)(1). He appeals from the trial judge's denial of his motion to suppress certain evidence seized by the police during his arrest at his apartment. R. 3:5-7(d). Defendant was sentenced to a two-year probation term, to run concurrently with the probation term that he was already serving for an unrelated offense. As a condition of probation, defendant was sentenced to a 364-day county jail term, three months of which were to be served without parole eligibility.
*32 Defendant contends that evidence seized from his apartment during the execution of an improperly issued search warrant, violated his constitutional right to be free from unreasonable searches and seizures. U.S. Const., Amend. IV; N.J. Const. (1947), Art. I, § 7. We agree and reverse, but for different reasons than those raised by defendant on this appeal.
We accept the findings of fact and conclusions of the trial judge because they are supported by credible evidence present in the record. State v. Johnson, 42 N.J. 146, 162 (1964).
On June 9, 1985, at approximately 8:30 p.m., Anthony Gonzalez appeared at the Gloucester City police department, and told Hutchinson, a patrolman, that defendant had struck him during a fight and that he wanted to sign a complaint against defendant. Hutchinson typed out a complaint-with-warrant form, charging defendant with simple assault, a violation of N.J.S.A. 2C:12-1(a)(1). Gonzalez signed the complaint and Hutchinson then brought the documents to the home of the deputy court clerk who signed the warrant between 9:00 and 9:30 p.m. Because Hutchinson was busy with other police matters during his shift, he did not execute the warrant for several hours.
At approximately 12:25 a.m., Hutchinson and Reinhart, another police officer, arrived at defendant's apartment. They knocked on the door, made the announcement, "police," and then stood to the side waiting for the door to open. Hack, a friend of defendant, opened the door. According to Hutchinson, he was able to see defendant through the open door, seated on a couch in the living room. The officers entered the apartment and Hutchinson informed defendant that he had a warrant for his arrest on the complaint charging him with assault upon Gonzalez.
When Hutchinson entered the apartment, he observed several plastic bags on the coffee table in front of defendant, containing what he identified as marijuana, methamphetamines and hashish. As he and Reinhart were handcuffing defendant, Hutchinson saw a large plastic bag at defendant's feet, containing *33 nine small bags, each filled with what Hutchinson recognized as marijuana.
At the hearing on the motion to suppress, defense counsel agreed that the arrest warrant was valid. On appeal, defendant now challenges its validity. He states that the arrest warrant is invalid because under R. 3:3-1, a summons rather than an arrest warrant should have issued. The improper issuance of this warrant and the seizure of evidence during its execution are the grounds for defendant's claim that his constitutional rights were violated.
Defendant's brief does not mention that this point was not raised below. R. 2:6-2(a)(1). We again restate the well-established principle that questions not raised below will ordinarily not be considered on appeal. State v. Lakomy, 126 N.J. Super. 430, 437 (App.Div. 1974). Nevertheless, we consider certain questions presented by this appeal of sufficient importance to merit appellate review. Nieder v. Royal Indemnity Ins. Co., 62 N.J. 229, 234-235 (1973). Specifically, we determine, for reasons not raised on appeal by this defendant, that this arrest warrant was issued in violation of defendant's constitutional rights. The seized evidence must be suppressed and his conviction must be reversed. We do so in recognition of our obligation to correct plain error of such constitutional magnitude. R. 2:10-2; State v. Macon, 57 N.J. 325, 337-339 (1971).
The Fourth Amendment and its New Jersey counterpart, Article I, ¶ 7, both state in virtually identical language that
... no Warrants shall issue, but upon probable cause, supported by Oath or affirmation.... U.S. Const., Amend. IV.[1]
This mandate applies to arrest warrants as well as search warrants. Giordenello v. United States, 357 U.S. 480, 485-486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503, 1509 (1958). This constitutional safeguard against improper issuance of arrest *34 warrants is implemented by R. 3:2, which states in pertinent part:
The complaint shall be a written statement of the essential facts constituting the offense charged made upon oath before a judge or other person empowered by law to take complaints. [Emphasis added.]
By statute and court rule, judges, court clerks and deputy clerks are considered to be judicial officers empowered to take the complaint under oath. N.J.S.A. 2A:8-27; R. 3:3-1(a); State v. Ruotolo, 52 N.J. 508, 511 (1968).
Gonzalez did not sign his assault complaint against defendant under oath in the presence of the deputy court clerk. Instead, Officer Hutchinson took the relevant information from Gonzalez, typed up the complaint and had Gonzalez sign it in his presence. He then departed, without Gonzalez, to the home of the deputy court clerk, who signed the jurat at the bottom of the complaint attesting that Gonzalez had sworn to the contents of the complaint in her presence.
The complaint was not signed in the presence of the deputy clerk and it was not signed under oath. It was Hutchinson, a law enforcement officer, who took the complaint and in fact issued the warrant. This was in violation of defendant's constitutional rights. The determination of probable cause for issuance of a warrant can only be made by a neutral and detached judicial official. Wong Sun v. United States, 371 U.S. 471, 481-482, 83 S.Ct. 407, 414, 9 L.Ed.2d 441, 451 (1963); State v. Ruotolo, supra, 52 N.J. at 511. A warrant issued by a police officer is patently defective. State v. Ruotolo, supra, 52 N.J. at 512; State v. Ross, 189 N.J. Super. 67, 73 (App.Div. 1983).
What happened in this case was no mere technical violation of the law. Our federal and state constitutions authorize issuance of a search warrant only by the proper judicial officer, and only upon a showing of probable cause, supported by oath or affidavit, that an offense has been committed by the accused at the place described. A judicial officer's neutral evaluation of the *35 complaint make him or her uniquely qualified to decide whether its sworn factual allegations show the required probable cause. Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436, 439 (1948). When such proof is presented, the judicial officer is trusted to evaluate the legal sufficiency of the sworn facts and the credibility of the affiant making the charges against the accused. It is for these reasons that our federal and state constitutions empower only judicial officers to make determinations of whether probable cause can exist for the issuance of a warrant. State v. Petillo, 61 N.J. 165, 174 (1972), cert. den. sub nom. Petillo v. New Jersey, 410 U.S. 945, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973).
When our examination of the record revealed that the arrest warrant was improperly executed, we invited the State and defense counsel to address this issue. The State contends that we should not consider the warrant issue because defendant did not raise this question in the trial court or on this appeal. We cannot ignore this defect where the record discloses that the warrant was issued in violation of the federal and state constitutional provisions, and contrary to statute (N.J.S.A. 2A:8-27, as "judicially pruned" to save its constitutionality by State v. Ruotolo, supra, 52 N.J. at 511-513) and court rule.
Further, the State contends that the presumption of validity of this arrest warrant has not been overcome, and that no special circumstances exist which permit this court to look beyond the content of this document, which appears valid on its face. In support of this proposition, the State relies upon Franks v. Delaware, 438 U.S. 154, 171-172, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667, 681-682 (1978); and State v. Howery, 80 N.J. 563, 567 (1979), cert. den. sub nom. Howery v. New Jersey, 444 U.S. 994, 100 S.Ct. 527, 62 L.Ed.2d 424 (1979). These cases are not directly in point. They deal with the proofs necessary to attack the contents of an affidavit issued in support of a search warrant. They do not deal with the improper execution of a *36 search warrant or arrest warrant or any document executed in support of their issuance. Moreover, to the extent that Franks and Howery are applicable, the record before us makes it clear that this warrant was executed falsely, or at best, in reckless disregard of the truth. Franks v. Delaware, supra, 438 U.S. at 171-172, 98 S.Ct. at 2684-2685, 57 L.Ed.2d at 681-682; State v. Howery, supra, 80 N.J. at 567-568. The jurat indicates that the signature of the complaining witness was "sworn and subscribed to before" the deputy court clerk. The deputy clerk never saw Anthony Gonzalez.
Because we reverse defendant's conviction, we need not rule directly on the improper three-month parole disqualifier imposed as a condition of defendant's concurrent two-year probationary term. After defendant was sentenced, our Supreme Court ruled that a defendant subject to a prison term as a condition of probation may not be exposed to a parole ineligibility period. State v. Hartye, 105 N.J. 411, 419 (1979).
The order denying defendant's motion to suppress the evidence seized from his apartment is reversed and the judgment of conviction is vacated. The matter is remanded to the Superior Court, Law Division, for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] The New Jersey Constitution, Art. 1, ¶ 7, states: ... no warrant shall issue except upon probable cause, supported by oath or affirmation....