J-S60029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY DARNELL SAMUELS | : | |
| | : | |
| Appellant | : | No. 690 MDA 2018 |

Appeal from the PCRA Order April 30, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001232-2016

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED FEBRUARY 26, 2019**

Appellant Anthony Darnell Samuels appeals *pro se* from the order dismissing his timely first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant challenges the validity of the warrant for his arrest, the sufficiency of the evidence, and trial counsel's effectiveness. We affirm.

The trial court previously summarized the underlying facts of this case as follows:

> Larita Brown [(the victim)] testified to the events that took place on the night of February 16, 2016. [The victim] was with her boyfriend waiting for the bus at the train station in Harrisburg, Pennsylvania when [Appellant, the victim's ex-boyfriend,] went over to [the victim] and demanded twenty ($20) dollars from her. [The victim] said "no" and [Appellant] followed her around the train station. [The victim] testified that this was an ongoing

---

[*] Retired Senior Judge assigned to the Superior Court.

occurrence (where [Appellant] would demand money from her) and that [the victim] finally had enough and told [Appellant] "no more." [The victim] (who had a PFA against Appellant) felt threatened and sought out an Amtrak officer.

When the Amtrak [o]fficer approached [Appellant] to ask him what was going on, [Appellant] took off and dropped his wallet and identification. Shortly thereafter, [Appellant] called [the victim] and again demanded money from her. At this time, [the victim] and her boyfriend got on the bus and two stops later, [Appellant] got on the bus. [Appellant] "charged to the back of the bus" and once again demanded money from [the victim]. While visibly shaking, [the victim] gave [Appellant] twenty ($20) and [Appellant] left the bus. [The victim] went home and [Appellant] continued to call her and demand money. [The victim] testified that she feels so threatened that if she does not answer the phone, something terrible is going to happen to her. [The victim] testified that during this phone call, [Appellant] once again threatened to kill her [as he had done earlier that evening on the bus]. Finally, on direct examination, [the victim] testified that she lives in fear of [Appellant].

The Commonwealth also introduced the testimony of Ben Stewart, a patrolman with the Swatara Township Police Department, who identified the phone number that had been calling [the victim] as [Appellant's].

Trial Court Op., 12/27/16, at 2-3 (footnotes and record citations omitted).

Following a bench trial, Appellant was convicted of terroristic threats and sentenced to twenty-four to sixty months' incarceration. Appellant timely appealed and raised a challenge to the discretionary aspects of his sentence and the sufficiency of the evidence. Specifically, Appellant argued that the Commonwealth failed to prove the intent element and that the statements he made to the victim were said "in the heat of the moment." **Commonwealth v. Samuels**, 1758 MDA 2016, at 3 (Pa. Super. filed Nov. 9, 2017) (unpublished mem.). This Court rejected Appellant's argument reasoning:

- 2 -

> Appellant's actions . . . involved a series of events spanning a several-hour period. Appellant harassed and threatened [the victim] at the train station and on the bus. **Those threats continued by phone after [the victim] returned to her home, even though [the victim] had acceded to Appellant's demand for money, which she surrendered to him on the bus**.
>
> . . . [W]e conclude—as did the trial court—that the evidence was sufficient to prove that Appellant made a threat to commit a crime of violence against [the victim] and that the threat was communicated with the intent to terrorize her.

*Id.* at 5-6 (emphasis added). This Court affirmed Appellant's judgment of sentence on November 9, 2017. *Id.* Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Appellant's timely *pro se* PCRA petition was docketed on January 16, 2018.[1] On January 22, 2018, the PCRA court appointed counsel. On March 29, 2018, appointed counsel filed a motion to withdraw along with a *Turner*/*Finley*[2] letter. On April 3, 2018, the PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.A.P. 907, and a memorandum opinion addressing Appellant's *pro se* claims. The court also granted counsel's motion to withdraw.

_____

[1] Appellant's *pro se* PCRA petition included the following claims: (1) the victim never swore or subscribed to the complaint in front of the issuing authority; (2) Fifth Amendment violation of the right to confront the accuser, in that the officer signed the complaint and the victim never came to the preliminary hearing, and therefore the victim's testimony was hearsay; (3) no jurisdiction for incidents outside the affidavit of probable cause, which were the basis for Appellant's conviction; and (4) Fourteenth Amendment Due Process Clause violation. *See* Appellant's *Pro Se* PCRA Pet., 1/22/18, at 4.

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The PCRA court docketed Appellant's premature *pro se* notice of appeal on April 23, 2018.  The PCRA court subsequently dismissed Appellant's PCRA petition without a hearing on April 30, 2018.  The PCRA court also issued an opinion incorporating its April 3, 2018 memorandum and requested that this Court treat Appellant's premature appeal as timely.  The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

Appellant, in his *pro se* brief, raises three issues for review, which we have reordered as follows:

1. Is trial court in error of [sic] violation of Pa.R.Crim.P. 513 Part (B) were [sic] no element of the crime exist were constitution right violated inconsistent statement were made [sic] [?]

2. Whether the trial court abused its discretion in finding Appellant guilty when their [sic] no witness and no evidence[.]

3. Was counsel ineffective for refused [sic] to file motion[?]

Appellant's Brief at 13 (some capitalization omitted).

Initially, we must address the Commonwealth's claim that the appeal should be quashed because Appellant appealed from the PCRA court's Rule 907 notice, and not a final order dismissing his petition.  **See** Commonwealth's Brief at 2 (unpaginated).  The Commonwealth contends that because the underlying PCRA petition "has not been dismissed yet," there is no final order from which to appeal.  **Id.**  We disagree.

Although Appellant's notice of appeal was premature when filed, the PCRA court formally dismissed Appellant's petition on April 30, 2018.  **See** PCRA Ct. Order, 4/30/18.  This Court may regard a premature notice of appeal

as timely when a final order has been subsequently entered. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."); *see also Commonwealth v. Swartzfager*, 59 A.3d 616, 618 n.3 (Pa. Super. 2012) (accepting a premature notice of appeal filed after the entry of Rule 907 notice but before the entry of a final order dismissing a PCRA petition). Therefore, we decline to quash this appeal.

We summarize Appellant's three issues together. As to the arrest warrant, Appellant appears to argue that "the warrant was executed falsely and is therefore defective" because the victim did not "swear under oath or affirmation to the events she said transpired" and the officer who signed the affidavit did not personally witness the alleged crime.[3] Appellant's Brief at 27. Further, he claims that he was convicted for an alleged incident that was not mentioned in the affidavit of probable cause. *Id.* Finally, Appellant suggests that he did not have an opportunity to confront the officer who signed the arrest warrant "as a complaining witness" at the preliminary hearing. *Id.* at 29 & Ex. D.

Regarding his challenge to the sufficiency of the evidence, Appellant argues that "no actual evidence was presented[,] no exhibits[,] no factual testimony." *Id.* He claims that he was ultimately convicted for events that

---

[3] In support of his claim, Appellant cites to *State v. Bobo*, which held that under New Jersey law, a complaint must be signed "under oath in the presence of the deputy court clerk." *State v. Bobo*, 535 A.2d 983, 985 (N.J. App. Div. 1987). However, the case is non-binding on this Court.

transpired at the bus station, although the affidavit of probable cause attached to the criminal complaint centered on phone calls that Appellant allegedly made to the victim after the incident at the bus station. *Id.* He suggests there was no evidence to prove that he made the alleged phone calls to the victim.

Lastly, Appellant asserts that he did not receive a fair trial because counsel "failed to file [a] pretrial motion and cross examine the inconsistencies resulting in the verdict of guilty." *Id.* at 25. Appellant's assertion of trial counsel's ineffectiveness appears to relate to his previous issues regarding the arrest warrant and the variance between the criminal complaint and the trial evidence.

Our standard of review from the dismissal of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

Moreover, "[t]o be entitled to PCRA relief, [the defendant] must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2), and that the allegation of error has not been previously litigated

or waived." *Id.* at 1265-66. "Generally, an appellant may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting the claims on direct appeal." *Commonwealth v. Price*, 876 A.2d 988, 995 (Pa. Super. 2005); *see also* 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, . . . [or] on appeal or in a prior state postconviction proceeding.").

With respect to ineffectiveness claims, we note that counsel is presumed effective, and the appellant bears the burden of proving otherwise. *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013). To prevail on an ineffectiveness claim, the appellant must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Lesko*, 15 A.3d 345, 373 (Pa. 2011) (citation omitted).

Moreover,

> [f]ailure to prove any prong of this test will defeat an ineffectiveness claim. *Commonwealth v. Basemore*, 744 A.2d 717, 738 n. 23 (2000) (citation omitted). "[I]f a claim fails under any necessary element of the *Strickland* test, the court may proceed to that element first." *Lesko*, at 374 (citations omitted). When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development.

***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. Super. 2014) (some citation and quotation marks omitted).

At the outset, we note that standing alone, Appellant's challenges to the arrest warrant, the preliminary hearing, and the sufficiency of the evidence are direct appeal claims that are not cognizable under PCRA. ***See Price***, 876 A.2d at 995. Moreover, Appellant did not raise his challenge to the sufficiency of the evidence in his initial *pro se* PCRA petition, in a response to the counsel's ***Turner***/***Finley*** letter or the PCRA court's Rule 907 notice, or in an amended petition. ***See Commonwealth v. Mason***, 130 A.3d 601, 627 (Pa. 2015) (concluding that the appellant failed to preserve an appellate claim by raising it in a PCRA petition or in an authorized amended PCRA petition); ***accord*** Pa.R.A.P. 302(a). Lastly, Appellant asserts that trial counsel was ineffective without developing any arguments that trial counsel lacked a strategic basis or that the alleged ineffectiveness resulted in prejudice. ***See*** Appellant's Brief at 23; ***Fears***, 86 A.3d at 804. In short, we could find all of Appellant's arguments waived under the PCRA or the Rules of Appellate Procedure.

Nevertheless, we note that the PCRA court, as well as appointed PCRA counsel, separately addressed the merits of Appellant's claims regarding the validity of the arrest and trial counsel's ineffectiveness. For example, in its memorandum opinion accompanying its Rule 907 notice, the PCRA court reasoned:

> Initially, we note that it is not necessary for the officer to have direct, personal knowledge of the relevant facts and circumstances on whether a crime has been committed.

- 8 -

> ***Commonwealth v. Walker***, 501 A.2d 1143, 1148 ([Pa. Super.] 1985). The belief may, instead, rest solely upon facts and information supplied by another person, so long as there is a "substantial basis" for trusting the source and credibility of the information. ***Id.*** Here, the police officer, based upon the totality of the circumstances, had probable cause to believe that a crime had been committed when he received a call regarding a violation from a Protection from Abuse (PFA). At the time of the call, a routine warrant check indicated that [Appellant] had an active warrant dating from October 2015 for a previous violation of the same PFA. As such, the officer had sufficient probable cause to support [Appellant's] arrest. Accordingly, this issue is without merit.
>
> > \*     \*     \*
>
> It appears that [Appellant] alleges that since the officer who signed the complaint did not testify at his preliminary hearing, he was somehow denied his right to confrontation. However, [Appellant] had a full and fair opportunity to confront both the officer and the victim at the subsequent bench trial. Additionally, as the officer who was the affiant in this case was relying on the information from the victim, the victim's testimony was all that [was] required to meet the *prima facie* burden at such a hearing. Finally, the absence of the officer/affiant at the preliminary hearing in no way renders the direct testimony of the victim inadmissible. As such, this claim is without merit.

PCRA Ct. Op., 4/3/18, at 2-3. The PCRA court further opined that Appellant failed to "establish any allegations of error by trial counsel." ***Id.*** at 4.

Therefore, the PCRA court and counsel did not refer to the need to reframe Appellant's direct appeal claims as claims of ineffective assistance of counsel. ***See Price***, 876 A.2d at 995. In light of this procedural history and the requirement that we construe a *pro se* brief liberally, we decline to find waiver under the PCRA. ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003) (stating that although the appellant's *pro se* brief contained

substantial defects, in the interest of justice, the Court would "address the arguments that can reasonably be discerned."). Instead, we consider the PCRA court's implicit determinations that Appellant failed to establish arguable merit to his claims based on the arrest warrant, the preliminary hearing, and the alleged differences in the conduct described in the charging documents, at the preliminary hearing, and at trial.

With respect to the arrest warrant, Pa.R.Crim.P. 513(B)(2) provides that "[n]o arrest warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority in person or using advanced communication technology. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits." Pa.R.Crim.P. 513(B)(2).

"The test in this Commonwealth for determining whether probable cause exists for the issuance of an arrest warrant is the 'totality of the circumstances.'" **Commonwealth v. Taylor**, 850 A.2d 684, 686-87 (Pa. Super. 2004). We have explained that "[t]he totality of the circumstances test requires a Court to determine whether the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." **Commonwealth v. Smith**, 979 A.2d 913, 916 (Pa. Super. 2009) (citation omitted). Further, probable cause is based on probability, not a *prima facie* showing of criminal activity; therefore, deference

should be afforded to the magistrate's finding of probable cause. **Commonwealth v. Housman**, 986 A.2d 822, 843 (Pa. 2009).

As to Appellant's claims regarding the preliminary hearing, Pa.R.Crim.P. 542(E) states: "Hearsay as provided by law shall be considered by the issuing authority in determining whether a *prima facie* case has been established. Hearsay evidence shall be sufficient to establish any element of an offense . . . ." Pa.R.Crim.P. 542(E). In **Commonwealth v. Ricker**, 120 A.3d 349 (Pa. Super. 2015), this Court held that "an accused does not have the right to confront the witnesses against him at his preliminary hearing under those provisions." **Ricker**, 120 A.3d at 362.

As to variances between the charging documents and the evidence at trial, this Court has noted:

> A criminal complaint need simply contain "facts sufficient to advise the defendant of the nature of the offense charged, but neither the evidence nor the statute allegedly violated need be cited . . . ." It follows, then, that the Commonwealth may introduce at trial evidence not specified within the four corners of the criminal complaint, provided that such evidence is material and competent to the charge and presents no other reason, evidentiary or otherwise, for its preclusion. The factfinder, in turn, may properly convict on such evidence as long as each element of the charge was proven beyond a reasonable doubt.

**Commonwealth v. Snell**, 737 A.2d 1232, 1234 (Pa. Super. 1999) (citations omitted); **see also** Pa.R.Crim.P. 504(6)(a) (formerly numbered Rule 104(6)(a)). Furthermore, "[a] variance is not fatal unless it could mislead the defendant at trial, impairs a substantial right or involves an element of surprise that would prejudice the defendant's efforts to prepare his defense."

***Commonwealth v. Einhorn***, 911 A.2d 960, 978 (Pa. Super. 2006) (citation omitted).

Following our review of the record, the PCRA court's opinion, and the relevant legal principles, we find no error in the PCRA court's dismissal of Appellant's PCRA claims. As indicated by the court, the arrest warrant was properly executed and based on probable cause. Further, there was no error in the trial court's consideration of evidence outside the four corners of the criminal complaint. Finally, because we agree with the PCRA court that Appellant's underlying issues have no merit, Appellant cannot claim that trial counsel was ineffective for failing to raise them. ***See Basemore***, 744 A.2d at 738 n.23. Having discerned no abuse of discretion or legal error, we affirm the PCRA court's dismissal of Appellant's PCRA petition. ***See Ousley***, 21 A.3d at 1242; ***see also Fears***, 86 A.3d at 804.

Order affirmed.

Judge Shogan joins the memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/26/2019